FRANKLIN LIFE INS. CO. v. JOHNSON et al.

No. 3322.

Circuit Court of Appeals, Tenth Circuit.

Sept. 20, 1946.

Rehearing Denied Oct. 17, 1946.

Lowell White, of Denver, Colo. (White and Holland, of Denver, Colo., on the brief), for appellant.

Archibald A. Lee, of Denver, Colo. (Benjamin Griffith, of Denver, Colo., on the brief), for appellees.

Before PHILLIPS and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant, Franklin Life Insurance Company, brought this action for a declaration of its liability under an insurance contract issued on the life of Lawrence A. Johnson. The defendants are Cora L. Johnson, mother of the insured as the first named beneficiary, and his wife, Helen M. Johnson, as contingent beneficiary.

According to the complaint filed August 29, 1945, the policy of insurance in the face amount of $5,000 contains a supplemental agreement providing for double indemnity for accidental death resulting directly and independently of all other causes through external, violent and accidental means, but specifically exempts from its coverage death resulting either directly or indirectly from self-destruction, whether sane or insane, or from bodily or mental infirmity or illness or disease of any kind. The face amount of the policy is payable to defendant, Cora L. Johnson, at the rate of $50 per month during her lifetime, and upon her death the remaining payments are to be continued and paid to defendant, Helen M. Johnson. If accidental death benefits become payable under the double indemnity features of the contract, they are to be applied to increase the number but not the amount of the monthly payments provided in the policy.

The complaint alleged the death of the insured on August 19, 1940, as a result of self-inflicted gunshot wounds by reason of his insanity, a risk specifically exempt from the coverage of the accidental death benefit provisions in the policy, and for which the appellant is in no wise liable to either of the defendants; that the face amount of the policy is now being paid to the defendant, Cora L. Johnson, first named beneficiary, at the rate of $50.00 per month in accordance with the terms of the contract; that although the defendants claim to be entitled to the accidental death benefits, they cannot maintain an action therefor, because under the terms of the policy, they will not become due and payable for more than three years from and after the commencement of this action. That in the meantime, the plaintiff is required to maintain a trust fund or reserve for the payment of the claims if and when due; that an actual controversy exists between the parties involving the construction of the double indemnity features of the contract;

and that a declaratory judgment is the appropriate remedy for determining the rights and liabilities thereunder. The prayer is for a declaration of non-liability under the accidental death benefit provisions of the policy, and for other appropriate relief.

On the authority of Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620, the trial court sustained a motion to dismiss the action on the grounds that a subsequent action filed in the District Court for the City and County of Denver by Cora L. Johnson against the Company presents identical issues, and that since the issues in both cases are governed by the law of the State of Colorado, it would be a "gratuitous interference" with the state court litigation to hear and decide the issues presented in this cause.

■ Undoubtedly, the trial court is vested with rather wide discretion in determining whether or not it will exercise existing jurisdiction in cases of this kind. Brillhart v. Excess Ins. Co. of America, supra; Guardian Life Ins. Co. v. Kortz, 10 Cir., 151 F.2d 582, and cases cited; Borchard, p. 312; 51 Yale Law Review, 511; Moore's Federal Practice, Vol. 3, p. 3203. But it is a judicial discretion, subject to review, and must be exercised in accordance with legal principles. Carbide & Carbon Chemicals Corporation v. United States Industrial Chemicals, 4 Cir., 140 F.2d 47; Larson v. General Motors Corporation, 2 Cir., 134 F.2d 450; Crosley Corporation v. Westinghouse Elec. & Mfg. Co., 3 Cir., 130 F.2d 474; Mutual Life Ins. Co. of New York v. Krejci, 7 Cir., 123 F.2d 594; Creamery Package Mfg. Co. v. Cherry-Burrell Corporation, 3 Cir., 115 F.2d 980; Samuel Goldwyn, Inc. v. United Artists Corporation, 3 Cir., 113 F.2d 703; Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321.

■ While the area of discretion committed to the trial court is not marked by definite boundaries, it is controlled by practical considerations affecting the interrelation of courts exercising coordinate and concurrent jurisdiction. It is a general criterion that a court will not entertain jurisdiction in a declaratory action if the identical issues are involved in another pending proceedings. Brillhart v. Excess Ins. Co. of America, supra; McLain v. Lance, 5 Cir., 146 F.2d 341; Indemnity Ins. Co. v. Schriefer, 4 Cir., 142 F.2d 851; Carbide & Carbon Chemicals Corporation v. United States Industrial Chemicals, supra; Crosley Corporation v. Westinghouse Elec. & Mfg. Co., supra; Maryland Casualty. Co. v. Boyle Const. Co. 4 Cir., 123 F.2d 558; Ætna Casualty & Surety Co. v. Quarles, supra; Western Electric Co. v. Hammond, 1 Cir., 135 F.2d 283. See also Annot. 135 A.L.R. 934 and 142 A.L.R. 8, 40. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Brillhart v. Excess Ins. Co. of America, supra [316 U.S. 491, 62 S.Ct. 1175].

If the asserted cause of action sounds in equity, the judicial process is of course governed by equitable considerations, and the court may in the exercise of its equitable discretion, decline to decide the issues because it is in the interest of public justice to leave the parties to an adequate remedy in the state tribunals. Noteworthy examples of this salutary forbearance are found in diversity of citizenship cases, wherein the constitutionality of declared social and fiscal policies of a sovereign state is challenged in federal courts. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407; Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725; City of Chicago v. Fieldcrest Dairies, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355; Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971.

■ But these safeguards against "procedural fencing" and races for res judicata (see Note 51 Yale Law Review, 511, 515) should not deter the courts from giving full force and effect to the purpose of the Declaratory Judgment Act, 28 U.S.C.A. § 400.

"In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been deemed the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment." Meredith v. Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 11, 88 L.Ed. 9. Rule 57 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, expressly provides that "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." A declaratory action, if otherwise appropriate, should not be dismissed merely on the grounds that another remedy is available. Refusal to exercise jurisdiction when properly invoked must be prompted by reasons, which in the circumstances, seem to promote the administration of justice, not retard it. It is the duty of the court to first ascertain whether the questions in controversy between the parties to the federal suit can better be settled in the proceedings pending in the state court, i. e., whether there is such a plain, adequate and speedy remedy afforded in the pending state court action, that a declaratory judgment action will serve no useful purpose. Guardian Life Ins. Co. v. Kortz, supra; see also Brillhart v. Excess Ins. Co. of America, supra. "This may entail," said Mr. Justice Frankfurter in the Brillhart case, "inquiry into the scope of the pending state court proceeding and the nature of the defenses open there * * * whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined * * *." See also Borchard, p. 350 and 653.

With these guides before us, we look to the state court litigation to determine whether the controversy between the parties can better be settled there than in the declaratory action. The suit in the state court was commenced on November 7, 1945, more than two months after the commencement of the federal court proceedings, and after a motion to dismiss the complaint in the federal court had been overruled. The complaint alleges that although the benefits provided in the double indemnity clauses of the policy are not payable until 1950, the commencement of the declaratory judgment action by the Insurance Company constitutes a renunciation and repudiation of the contract, and by reason of this anticipatory breach, the plaintiff, as beneficiary under the policy, is entitled to recover the present value of the benefits provided therein, based upon her life expectancy, in the sum of $2,800. In the alternative, she prays for a declaratory judgment decreeing liability under the double indemnity provisions of the policy in the amount of $50.00 per month, beginning with the completion of the payments in the face of the policy, as long as she may live, but not in excess of four years and eleven months (her life expectancy in 1950 when the benefits are payable under the policy).

In the first place, the suit is based upon an anticipatory breach arising out of the commencement of the declaratory action. The plaintiff seeks only to recover $2,800 under the policy which provides for a maximum liability of $5,000. If she establishes the liability of the Company and lives beyond her life expectancy, other and further litigation impends. In the event of her death before the full amount of the benefits provided in the policy is paid, another cause of action ripens in behalf of the contingent beneficiary, Helen M. Johnson, who is not a party to the state court action.

Cora L. Johnson's answer in the declaratory action admitted the existence of an actual controversy between herself and the Company arising out of the insurance contract, and the death of the insured as a result of suicide by self-inflicted gunshot wounds while suffering from mental infirmity or illness, commonly known as insanity. It invoked a statute of Colorado (C.L.1921, § 2532), in force at the time of the issuance of the policy, as expressly prohibiting the Company from relieving itself from liability for accidental death directly or indirectly caused by insanity. Thus, the pleadings left nothing for the decision of the federal court except the ascertainment of the requisite amount in controversy and the legal interpretation of

the contract in the light of applicable state and federal decisions. Indeed, a motion for summary judgment was pending when the declaratory action was dismissed in deference to the state court proceedings.

In her answer to the declaratory complaint and motion to dismiss, Helen M. Johnson denied that an actual controversy existed between herself and the Company, or that she had more than an unascertainable expectancy in the contract, but she affirmatively alleged that the insured's death was accidental within the meaning of the insurance policy, and there is no doubt of her lively interest in the outcome of the litigation in either court. As contingent beneficiary, she has a vested interest in the insurance contract, contingent only that she survive the first named beneficiary, who will be eighty years of age in 1950 when the benefits are first due and payable.

If declaratory relief is denied and the Company establishes its nonliability for accidental benefits under the policy in the state court, it is yet not free from the claim of Helen M. Johnson if she survives the first named beneficiary. If, however, Cora L. Johnson obtains a judgment for $2,800, Helen M. Johnson's claim remains unsettled and uncertain until her cause of action arises and is adjudicated. Since, by the terms of the policy, the double indemnity benefits are not due and payable until 1950, no cause of action accrued in either of the beneficiaries until that date, and neither of them could maintain a coercive action to establish liability under the contract until the commencement of the declaratory suit, or some other overt act manifesting an anticipatory breach.

 Helen M. Johnson urges that because her interest is contingent upon her surviving Cora L. Johnson, and the latter dying before all of the monthly payments have been made, she should not now be called upon to defend the declaratory judgment action. The contention is not without force, but countervailing reasons point to a different conclusion. To hold a person whose interest is contingent may not be compelled to defend an action for a declaratory judgment would greatly diminish the field and lessen the utility of declaratory judgment actions. The purpose of the declaratory judgment action is to settle actual controversies before they have ripened into violations of law or legal duty or breach of contractual obligations. In declaratory actions brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 274, 61 S.Ct. 510, 85 L.Ed. 826; Standard Accident Ins. Co. v. Meadows, 5 Cir., 125 F.2d 422, 423; Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665. Cf. (American) Lumbermens Mut. Cas. Co. v. Timms & Howard, 2 Cir., 108 F.2d 497, 499. "Ordinarily, in an action for a declaratory judgment, all persons interested in the declaration are necessary parties." Utica Mutual Ins. Co. v. Hamera, 162 Misc. 169, 292 N.Y.S. 811, 816. See Annotation, 142 A.L.R. 8, at page 67.

 We can discern no difference between the position of Helen M. Johnson, as contingent beneficiary in this litigation, and the contingent claim of an injured third party in a declaratory action to establish nonliability under casualty insurance. In our case, the interest of both beneficiaries arises out of the same contract and is governed by the same occurrences. The questions of law and fact relating to liability under the policy are common to both. If, therefore, Helen M. Johnson is not a necessary and indispensable party, she is assuredly an interested and proper party to the declaratory action. See Rule 20, F.R.C.P., 28 U.S.C.A. following section 723c.

One of the prime purposes of the Declaratory Judgment Act is to meet situations of this kind. These facts seem to us to present a typical case for declaratory judgment procedure. See Stephenson v. Equitable Life Assurance Society, 4 Cir., 92 F.2d 406; Borchard, p. 25 et seq.

It is important also to note. that the maintenance of this declaratory action does not amount to a usurpation of state court jurisdiction. There is no interference with the orderly and comprehensive disposition of pending state court litigation. As was well said in Associated Indemnity Corporation v. Wachsmith, 2 Wash.2d 679, 99 P.2d 420, 422, 127 A.L.R. 531, "If either court is to be deprived of jurisdiction because of the pendency of the other action, it must be the court to which application was last made for relief." We are of the opinion that the trial court erroneously dismissed the action.

It is said that no issuable facts survive the pleadings in the declaratory action; that only a legal question remains—that of interpreting the insurance contract—and we are urged to direct the entry of a declaratory judgment in favor of the Company on the face of the record before us.

In their answers, both defendants deny requisite amount in controversy and they now contend that this important jurisdictional question presents an issuable fact undetermined by the trial court, and that we should not, therefore, decide the issues presented until this essential prerequisite is established. In our judgment, the requisite amount in controversy clearly appears upon the face of the record. The complaint against the two defendants pleads the insurance policy, which provides that in the event of loss under the double indemnity provisions of the contract, the amount of the Company's liability to either or both of the defendants, as beneficiaries, is not less than $5,000. If neither of the defendants survives to collect the principal amount provided in the contract, at the rate of $50 per month, the remainder is to be paid to the estate of the last surviving beneficiary. Thus, if death is within the coverage of the policy, the Company's minimum liability in any event is $5,000. We are not dealing with cases wherein the amount in controversy is measured by the present value of a contract of insurance based upon the life expectancy of the insured, such as Guardian Life Ins. Co. of America v. Kortz, 10 Cir., 151 F.2d 582, and cases therein cited. True, the claim of each of the beneficiaries under the policy is several and separate, but the cause of action asserted in this complaint by the Company against the defendants is single and inseparable, because the life expectancy of either or both of the defendants does not measure the extent of the Company's liability under the policy, if any.

The object of the suit is to be relieved of liability to either or both of the defendants under the policy. It follows, therefore, that the value of the matter in controversy is more than the jurisdictional amount. Ronzio v. Denver & R. G. W. R. Co., 10 Cir., 116 F.2d 604; First English L. Church v. Evangelical L. Synod, etc., 10 Cir., 135 F.2d 701.

We, therefore, conclude that the requisite amount in controversy is present in this case; that the court has jurisdiction of the subject-matter and should proceed to hear and decide the issues presented.

The trial court did not rule upon either the appropriateness or the merits of the motion for summary judgment and we shall not preempt this important function.

The cause is reversed and remanded with directions to proceed in accordance with the views herein expressed.