BLINDER, ROBINSON & CO., INC.,
Plaintiff-Appellant,

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
Defendant-Appellee.

No. 80–2114.

United States Court of Appeals,
Tenth Circuit.

Oct. 27, 1982.

William R. Fishman, of Fishman & Geman, Denver, Colo. (Stephanie M. Smith, Denver, Colo., with him on the brief), for plaintiff-appellant.

Jeffrey B. Maletta, Washington, D.C. (Paul Gonson, Sol., Michael K. Wolensky, Associate Gen. Counsel, John P. Sweeney, Asst. Gen. Counsel, and Stephen E. Cavan, Atty., S. E. C., Washington, D. C., with him on the brief), for defendant-appellee.

Before BARRETT, McKAY and SEYMOUR, Circuit Judges.

BARRETT, Circuit Judge.

The question presented in this case is whether the district court erred in dismissing Blinder, Robinson & Co., Inc.'s (Blinder) complaint and amended complaint filed against the Securities and Exchange Commission (SEC) to enjoin a continuing investigation of its stock broker-dealer activities pursuant to a formal order of investigation issued by the SEC. The court found/concluded that a separate, distinct civil action No. 80–M–1125 filed in the same court, as an enforcement action by SEC against Blinder, and others, rendered the instant action moot. The pertinent facts should aid in our resolution of the appeal.

Blinder is a registered stock broker-dealer with offices in Denver, Colorado. Blinder's officers and directors were involved in un-

derwriting a recreational venture in New Jersey known as American Leisure Corporation. The SEC obtained information concerning the underwriting which led to an SEC investigation initiated on August 3, 1978, pursuant to § 20(a) of the Securities Act of 1933, 15 U.S.C.A. § 77t(a) (West 1981), and § 21(a) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78u(a) (West 1981),[1] to ascertain if Blinder had violated registration and anti-fraud provisions of the federal securities laws.

On August 15, 1980, more than two years after the SEC investigation had been initiated, Blinder filed the instant suit seeking a temporary restraining order, preliminary injunction and permanent injunction against SEC prohibiting SEC from continuing its investigation of Blinder. The crux of Blinder's complaint was that the SEC had, for some two years, "used the formal order as a purported legal means of conducting a fishing expedition into the entire gamut of the business of the Plaintiff [Blinder] for over two years." [R., Vol. I, p. 2]. Blinder alleged that it had lost customers or potential customers as a result of the SEC's "purported grant of unlimited power over an unlimited period of time . . . ." [R., Vol. I, p. 3]. Blinder alleged that the grant of such unlimited power (by the SEC) for an unlimited period of time constituted a violation of its Fourth Amendment rights. [R., Vol. I, p. 3]. In addition to other relief

sought, Blinder requested that all subpoenas issued by SEC pursuant to its formal order of investigation dated August 13, 1978, be quashed.

On August 18, 1980, SEC moved to dismiss Blinder's complaint on the grounds that the district court lacked jurisdiction to entertain Blinder's prayer for equitable relief because Blinder had an adequate remedy at law and because Blinder had failed to state a claim upon which relief can be granted. SEC sought dismissal in accordance with Fed.R.Civ.P. 12(b)(1) and 12(b)(6). In its memorandum in support of its motion to dismiss Blinder's complaint, SEC advanced its contention that Blinder had an adequate remedy at law by stating:

> As in the case at bar, plaintiff had been served with an administrative subpoena requesting production of books and records pertinent to the investigation. In granting the Commission's motion to dismiss the suit, the Court [*Bird v. Securities and Exchange Commission,* CCH Federal Securities Reporter, Paragraph 97,505 (1980)] held that:
>
> "[I]ssues such as whether an SEC inquiry is for a proper purpose, whether the information sought is relevant to that purpose, whether statutory procedures have been observed, and whether the process of the court is being abused, e.g., an investigation in bad faith, can properly be raised in a sub-

---

1. § 20(a) provides:

   Whenever it shall appear to the Commission, either upon complaint or otherwise, that the provisions of this subchapter, or of any rule or regulation prescribed under authority thereof, have been or are about to be violated, it may, in its discretion, either require or permit such person to file with it a statement in writing, under oath, or otherwise, as to all the facts and circumstances concerning the subject matter which it believes to be in the public interest to investigate, and may investigate such facts.

   § 21(a) provides:

   The Commission may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this chapter, the rules or regulations thereunder, the rules of a national securities exchange or registered securities

   association of which such person is a member or a person associated with a member, the rules of a registered clearing agency in which such person is a participant, or the rules of the Municipal Securities Rulemaking Board, and may require or permit any person to file with it a statement in writing, under oath or otherwise as the Commission shall determine, as to all the facts and circumstances concerning the matter to be investigated. The Commission is authorized in its discretion, to publish information concerning any such violations, and to investigate any facts, conditions, practices, or matters which it may deem necessary or proper to aid in the enforcement of such provisions, in the prescribing of rules and regulations under this chapter, or in securing information to serve as a basis for recommending further legislation concerning the matters to which this chapter relates.

poena enforcement action. *Id.* at para. 97,506."

See also *Dresser Industries, Inc. v. United States,* 596 F.2d 1231 (C.A. 5, 1979), *cert. denied* [444 U.S. 1044, 100 S.Ct. 731, 62 L.Ed.2d 730] (1980).

Thus, since plaintiff herein [Blinder] has been served with an administrative subpoena, which is not self-executing, its remedy lies at law in defending a subpoena enforcement action and not in seeking the equitable relief prayed for herein. [R., Vol. I, pp. 37–38].

On August 19, 1980, the district court conducted a hearing on Blinder's motion for a temporary restraining order. In the course of the hearing, counsel for SEC represented that although the SEC order was still outstanding and the investigation of Blinder was continuing, all outstanding subpoenas had been quashed, thus releasing any and all subpoenaed persons from producing or appearing. [R., Vol. II, p. 13]. This information was not known to counsel for Blinder until related by SEC in open court. The court thereupon inquired of counsel for Blinder how, if there were no processes outstanding, the court could find that Blinder's business was being irreparably injured and issue a temporary restraining order. [R., Vol. II, p. 15]. Counsel for Blinder responded: "Your Honor, I can't— this is certainly new. I mean, if there is no subpoenas out, and whatever is out is now voided or quashed, or everybody is released, then I don't have any relief to ask for." [R., Vol. II, p. 15]. Counsel for SEC thereafter informed the court that the outstanding subpoenas had been adjourned rather than dismissed but that "I can represent to the Court that at this date we will send letters out dismissing, essentially dismissing, releasing the subpoenas." [R., Vol. II, p. 16]. Based on that representation, Blinder withdrew its motion for a temporary restraining order.

On August 27, 1980, SEC instituted an enforcement action against Blinder in the federal district court for the District of Colorado seeking to enjoin Blinder from violating the antifraud provisions of the federal securities laws. Inasmuch as the SEC's subpoenas had been adjourned and its investigation concluded by the filing of the complaint for enforcement, the SEC, on September 19, 1980, moved to dismiss Blinder's suit as moot.

On October 1, 1980, Blinder amended its complaint, seeking a declaratory judgment that the SEC's order of investigation was invalid; further, Blinder sought an injunction to restrain the SEC from using the order and any information gathered pursuant thereto in any action against Blinder.

On October 6, 1980, the court conducted a hearing on the motion filed by SEC to dismiss Blinder's suit as moot. The court observed that "[t]he matter of interest is defendant's [SEC's] Motion to Dismiss on the ground of mootness, the contention being as I understand it that inasmuch as the Commission has filed a civil action based on the investigation that's the subject of this lawsuit, that this lawsuit is now moot." [R., Vol. III, p. 2]. Counsel for SEC represented to the court that an enforcement proceeding had been filed against Blinder and "[t]he only relief that they [Blinder] are now requesting which appears to be viable is the quashing of the use of any information gained pursuant to the formal order, and we feel that the appropriate order for that is in the enforcement action." [R., Vol. III, p. 3]. Counsel for Blinder disagreed. He stated that he did not believe that Blinder could contest "the legality of the formal order itself in that action." [R., Vol. III, p. 4].

During the hearing it was represented by counsel for SEC that SEC's investigation of Blinder had been concluded: "The Commission has no intention of pursuing an investigation under its formal order at this time. *It has concluded its investigation.*" [R., Vol. III, p. 5]. [Emphasis supplied]. Nevertheless, the SEC order had not been withdrawn, nor would SEC concede that it would not use the formal order beyond the enforcement action then pending: "It's certainly the only one contemplated at this point. We certainly cannot say that no possible further use of it could be made, but

that is entirely speculative at this time." [R., Vol. III, pp. 6–7]. The trial court stated that it was not important that the order was outstanding, but rather that the SEC had concluded its formal investigation of Blinder and *that no further evidence would be gathered pursuant to the order,* even though the SEC was not terminating the order. [R., Vol. III, p. 7].

Blinder's counsel then suggested that the instant action could be consolidated with the enforcement proceeding. Counsel for SEC, however, informed the court that such a consolidation would not be appropriate because the provisions of the Securities and Exchange Act prohibit consolidation of an enforcement proceeding with a private action without the Commission's consent. When counsel for Blinder inquired how the challenge could be raised as a defense the court stated: "Well, it seems to me if you're going to attack the order, attack it in the enforcement proceeding.... [i]t seems to me we ought to deal head on with threats of the investigation, rather than a collateral attack on the investigation." [R., Vol. III, p. 8]. The court thereafter ordered the instant action dismissed as moot, obviously predicated on Blinder's right to attack the order in the enforcement action. The court, therefore, dismissed the instant action without prejudice on the ground of mootness. The trial court, in dismissing the instant suit, was led to believe that because an enforcement action was then pending against Blinder that all of the challenges posed here could be effectively raised by Blinder in the enforcement proceeding. The court made references to the need to effect judicial economy, and was obviously of the view that the identical issues raised by Blinder in the case at bar could and should be presented in the true "case and controversy" sense in the enforcement proceeding, posited in the form of a motion to suppress evidence. *See G. M. Leasing Corp. v. United States,* 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977); *United States v. Security Bank and Trust Co.,* 661 F.2d 847 (10th Cir. 1981); *United States v. Kis,* 658 F.2d 526 (7th Cir. 1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).

■ On appeal, Blinder contends that the court erred in dismissing the instant suit as moot, because, inasmuch as the SEC order was still extant, the constitutional case or controversy requirement was met and the filing of the SEC enforcement proceeding against Blinder did not moot Blinder's challenge to the SEC order posed in this suit. We agree.

We do not have any of the pleadings or other matters before us in this record involving the enforcement action filed by the SEC. Thus, we cannot take judicial notice thereof. In *St. Louis Baptist Temple v. F.D.I.C.,* 605 F.2d 1169 (10th Cir. 1979) we recognized that a court may, *sua sponte,* take judicial notice of its own records and preceding records if called to the court's attention by the parties. Our observation there (which is pertinent to the case at bar) was that the civil action judicially noticed by the trial court was before the court of appeals in the nature of "exhibits in this record reflecting those proceedings, including the District Court's Memorandum Opinion of June 17, 1976, and this Court's opinion of affirmance filed March 3, 1978, together with other exhibits...." *Id.* at 1172.

Even had the identical challenges raised by Blinder in the instant suit been raised in the enforcement proceeding, still, there had not been any adjudication in either action when the order of dismissal on the ground of mootness was filed in this case. Significantly, the district court did not declare the instant case moot for failure to present a substantial case or controversy, or because the questions to be determined are abstract in that they do not rest on existing facts or rights, that the controversy has ceased, or that the same matter has been finally adjudicated in another case.

■ Rather, the basis of the trial court's dismissal order seems to have been that the issues raised in this case should and could be more properly adjudicated in the enforcement action brought by SEC against Blinder. That rationale is more akin to the

well established policy that a court may, in its discretion, defer or abate proceedings where another suit, involving the identical issues, is pending either in federal or state court, and it would be duplicative, uneconomical and vexatious to proceed. *See Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978); *Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *State Farm Mutual Automobile Insurance Co. v. Scholes,* 601 F.2d 1151 (10th Cir. 1979); *Aetna State Bank v. Altheimer,* 430 F.2d 750 (7th Cir. 1970); *Klein v. Walston & Co.,* 432 F.2d 936 (2d Cir. 1970). We express no view whether that policy applies to the case at bar, however.

There can be no doubt that the constitutional challenges posed by Blinder to the SEC order in the instant case are "ripe" if they are the proper subject for judicial decision in this action. The investigation order has been employed by SEC over a period of some two years; thus, the controversy has matured. *In Re Grand Jury, April, 1979,* 604 F.2d 69 (10th Cir. 1979). It does not matter for purposes of the challenges posed by Blinder in this suit that the SEC has concluded the Blinder investigation and that outstanding subpoenas have been quashed, inasmuch as the SEC has acknowledged that the order remains in force and effect. The SEC may, at its election, resume the Blinder investigation within the four corners of its outstanding investigative order.

The Blinder complaint for injunctive relief alleged that the SEC order of investigation was not within the Commission's statutory authority and that the order violated Blinder's constitutional rights because of its broad and sweeping nature. Blinder referred to this power as unlimited in time and in the scope of investigation into Blinder's business.

■ The general rule is that an order initiating an administrative investigation is interlocutory in nature and not reviewable until a final order is entered as a result of the investigation. Where the challenge, however, as here, is that the SEC has ex-ceeded its statutory powers, both in the scope of the investigation and the lack of time limitations, such challenges have been judicially recognized. *United States v. Morton Salt Co.,* 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950); *SEC v. Arthur Young & Co.,* 584 F.2d 1018 (D.C.Cir.1978), *cert. denied,* 439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979); *SEC v. First Security Bank of Utah,* 447 F.2d 166 (10th Cir. 1971), *cert. denied,* 404 U.S. 1038, 92 S.Ct. 710, 30 L.Ed.2d 729 (1972); *M. G. Davis & Co. v. Cohen,* 369 F.2d 360 (2d Cir. 1966). We do not here decide, however, the issue as to whether the district court is vested with jurisdiction over Blinder's amended complaint. That is a determination to be initially made by the district court, for each federal court must, *sua sponte,* satisfy itself of its power to adjudicate in every case and at every stage of the proceeding. *Treinies v. Sunshine Mining Co.,* 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939); *Mendoza v. K-Mart, Inc.,* 587 F.2d 1052 (10th Cir. 1978).

We simply hold that the court erred in dismissing Blinder's action as moot. The claims advanced are not moot inasmuch as they are capable of repetition. The challenged SEC order is outstanding and in full force and effect. The SEC may, at its election, resume the Blinder investigation pursuant to the outstanding order. Accordingly, the complained of action is capable of repetition. *See SEC v. Sloan,* 436 U.S. 103, 98 S.Ct. 1702, 56 L.Ed.2d 148 (1978); *Linmark Associates, Inc. v. Willingboro,* 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977); *Buffalo Forge Co. v. United Steelworkers of America, AFL–CIO,* 428 U.S. 397, 96 S.Ct. 3141, 49 L.Ed.2d 1022 (1976); *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Rex v. Owens ex rel. State of Oklahoma,* 585 F.2d 432 (10th Cir. 1978).

■ The voluntary cessation of alleged illegal acts or conduct does not, as a general rule, render a case moot. *United States v. W. T. Grant Co.,* 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). In that case, the court held that the defendant contending that the case should be dismissed as moot

must meet a "heavy burden" of demonstrating that there is no reasonable expectation that the alleged wrongs will be repeated. *Id.* at 633, 73 S.Ct. at 897–98. The SEC did not make such a showing on the record before us. The SEC continues to assert the constitutional validity of its order and actions.

We do not intimate any views relative to the merits of Blinder's amended complaint. We hold only that the Blinder action was not rendered moot by virtue of the filing of the SEC enforcement proceeding.

Reversed and remanded for further proceedings.