**ARW EXPLORATION CORPORATION, Plaintiff–Appellant,**

v.

**Cesar V. AGUIRRE, Anastasios Andriopoulos, Charles E. Bender, B.W. Covington, Chris Dalamangas, P. Delaportas, George Ioannides, Kyriakos Ioannides, V. Kaltsas, Christos P. Kartsonis, Demetrios Kartsonis, A. George Magouliotis, A. Papathanasopolous, Steve Poulos, S.L. Prabhu, Ponnapalli Ramakrishna, Neal Roth, Dorothy Roychoudhury, S.L. Stogiannis, and G. Vallianos, Defendants–Appellees.**

No. 91–6064.

United States Court of Appeals, Tenth Circuit.

Oct. 22, 1991.

Karen L. Howick and Anita M. Moorman, of Karen L. Howick & Associates, Oklahoma City, Okl., for plaintiff-appellant.

Bruce W. Day, Rodney J. Heggy and Stuart W. Emmons, of Day Hewett & Federman, Oklahoma City, Okl., for defendants-appellees.

Before ANDERSON, BARRETT and TACHA, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff–Appellant ARW Exploration Corporation (ARW) appeals from a district court order declining to exercise jurisdiction, under 28 U.S.C. § 2201, to entertain ARW's declaratory judgment action. ARW argues that the district court abused its discretion in declining to exercise jurisdiction. Defendants–Appellees (the inves-

tors) contend that the appeal is moot. We conclude the appeal (except for one issue) is not moot and that the district court abused its discretion in part. We affirm in part, reverse in part, and remand.

ARW and twenty investors are parties to oil and gas ventures in Oklahoma. Their relationship is governed by several Joint Venture Agreements that provide for arbitration of certain disputes.

Six of the twenty investors petitioned the District Court for Pawnee County, Oklahoma (state court), to appoint a receiver. The investors alleged that ARW had grossly mismanaged the properties and violated the Joint Venture Agreement. ARW responded by moving to compel arbitration of the claims raised in the petition.

The state court agreed that the claims were subject to arbitration. The court denied the petition for appointment of a receiver and granted ARW's motion to compel arbitration in an order providing "that arbitration be conducted concerning the matters raised in the Petition and in the Amended Petition [1] in accordance with the parties' Joint Venture Agreement and Title 15 O.S.1981 § 801 et seq. [sic] and that this Court retains jurisdiction to approve any arbitration award and for such other matters allowed in law or equity." Addendum to Appellant's Brief, Ex. 2. Soon after issuance of this order, the six investors dismissed the action without prejudice. Addendum to Appellant's Reply Brief, Ex. A.

The six state court plaintiffs and fourteen additional investors then filed with the Florida office of the American Arbitration Association (AAA) a complaint containing five counts: (1) violations of federal and state securities laws for fraudulent sale of securities; (2) violation of state securities laws for failure to register; (3) violations of the Florida Civil Remedies for Criminal Practices Act; (4) common law fraud; and (5) breach of fiduciary duty and breach of contract. Supplemental Appendix to Answer Brief of Appellees, pp. 29–31.

ARW responded by filing a complaint in the United States District Court for the Western District of Oklahoma, seeking (1) a determination of the arbitrability of the claims contained in the AAA complaint; (2) a declaration that the claims are not arbitrable; (3) a declaration that any decision by an arbitrator on those claims would be null and void and not binding on ARW; (4) an order directing that venue of any arbitrable claims be in Oklahoma rather than Florida; and (5) an order enjoining the investors from proceeding further in the Florida arbitration with respect to the five claims. Appendix to Principal Brief of Appellant, p. 6.

The investors moved the federal district court to compel ARW to arbitrate all disputes. ARW responded by conceding that arbitration was proper on the breach of fiduciary duty and breach of contract claim, but not on the other four claims. The federal district court dismissed ARW's complaint on the ground that the state court had issued a valid and binding order compelling arbitration and the federal district court did not want to make itself available for the "loser" [2] in the previous action to circumvent other orders. The federal court characterized ARW's complaint as "an apparent preemptive strike" that sought to avoid the consequences of the state court order, relying on *American Fidelity & Casualty Co. v. Service Oil Co.*, 164 F.2d 478, 480 (4th Cir.1947) (quoting *Aetna Casualty & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir.1937)), for the proposition that a district court should not exercise its jurisdiction to decide a declaratory judgment action if doing so would "interfere with an action that [sic] has already been instituted." Addendum to Appellant's Brief, Ex. 3.

After issuance of the federal court's order, the AAA determined, on February 4, 1991, that the proper arbitration locale was

---

**1.** [The amended petition added a prayer for relief in money damages in the sum of $25,448.22.] Addendum to Reply Brief of Appellant, Ex. C.

**2.** ARW actually prevailed in the state court proceeding.

Oklahoma City, Oklahoma, and transferred the case accordingly. Addendum to Answer Brief of Appellees, Ex. A. On March 8, 1991, the investors filed a complaint in the United States District Court for the Middle District of Florida containing essentially the same claims as the first four claims alleged in the AAA complaint. Addendum to Appellant's Brief, Ex. 4.

The investors contend that this appeal is moot because they are no longer seeking arbitration of the first four claims (those claims that ARW argues are not arbitrable), but rather have commenced a court action to resolve these claims (the action filed in the Florida federal court), and because the AAA transferred venue of the arbitration to Oklahoma City, Oklahoma. ARW responds that the investors have yet to obtain service of process of the Florida federal district court complaint upon ARW, that they could dismiss the Florida action at any time, and that they have refused to dismiss the first four claims of their complaint in the arbitration proceeding.[3] ARW makes no argument that the question of proper venue of the arbitrable claims is not moot.

This court will dismiss an appeal as moot, "when pending an appeal from the judgment of a lower court, ... an event occurs which renders it impossible ... to grant [plaintiff] any effectual relief whatever, ...." *FDIC v. Jennings*, 816 F.2d 1488, 1490 (10th Cir.1987) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895)). The question, then, is whether the investors' filing of the complaint in the Florida federal district court and their claimed decision not to seek arbitration of those claims is "an event ... which renders it impossible ... to grant any effectual relief whatever...."

■ The voluntary cessation of objectionable conduct does not, as a general rule, render a case moot. The party contending the case is moot has a heavy bur-

den of demonstrating that there is no reasonable expectation the conduct will be repeated. *Blinder, Robinson & Co. v. SEC*, 692 F.2d 102, 106–07 (10th Cir.1982). In *Blinder*, an action to enjoin an SEC investigation was held not moot where, although all subpoenas had been adjourned and the SEC represented that it had concluded its investigation, the SEC had not withdrawn its formal order of investigation and would not concede it would not use the order beyond the enforcement action then pending. *Id.* at 104, 106. The court noted that the SEC could, at its election, resume the investigation within the four corners of its outstanding investigative order. *Id.* at 106.

■ Here, to our knowledge, the investors have not dismissed with prejudice the first four claims of the arbitration complaint, nor have they filed an amended arbitration complaint that eliminates these claims. The investors thus have not met their heavy burden of demonstrating there is no reasonable expectation they will not again attempt to arbitrate the disputed claims. We therefore conclude that ARW's appeal is not moot with respect to the question of the arbitrability of the first four claims. Because ARW has not argued to the contrary, we conclude the appeal is moot with respect to the question of the proper venue of the arbitrable claims.

We next address ARW's argument that the district court abused its discretion by declining to exercise jurisdiction to entertain ARW's declaratory judgment action. 28 U.S.C. § 2201(a) provides "In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...." "Whether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court." *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273 (10th Cir.1989). The district court's

---

**3.** ARW attached to its reply brief a copy of a letter from counsel for the investors explaining that they cannot file an amended complaint without the arbitrator's approval, and that it is their intent to withdraw from the arbitration proceeding those claims that are pending in the Florida action.

decision will not be overturned absent a clear abuse of discretion. *Id.*

"[A] court in the exercise of its discretion should declare the parties' rights and obligations when the judgment will (1) clarify or settle the legal relations in issue and (2) terminate or afford relief from the uncertainty giving rise to the proceeding." *Id.* at 1275 (citing Edwin Borchard, *Declaratory Judgments* 299 (2d ed. 1941)). *Kunkel* noted that the Sixth Circuit employs a five-factor test:

> (1) whether the declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata;*" (4) whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.* at 1275–76 n. 4 (citing *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

 "A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Id.* at 1276. However, jurisdiction should not be refused merely because another remedy is available. Rather, the court must decide whether the controversy can better be settled in a pending action, i.e., "whether there is such a plain, adequate and speedy remedy afforded in the pending state court action, that a declaratory judgment action will serve no useful purpose." *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 657 (10th Cir.1946). Relevant considerations include the scope of the pending action, the

nature of the available defenses in the action, whether all parties' claims can satisfactorily be adjudicated in that proceeding, and whether necessary parties have been joined. *Id.*

 The state court action was dismissed in March 1990. It is not pending. The scope of that action was the arbitrability of the claims raised in the petition to appoint a receiver. The claims for securities law and Florida Civil Remedies Act violations were not raised in that petition. Thus, the state court never addressed the arbitrability of those claims.[4] The arbitrability of those claims cannot be adjudicated satisfactorily in the state court proceeding because that proceeding has been dismissed. A motion to enforce, modify, or vacate that court's order, as suggested by the investors, could not afford relief because the arbitrability of the disputed claims was never an issue before that court and because whether to grant such a motion would be discretionary with the state court. *Whittett v. Payne*, 367 P.2d 718, 719 (Okla.1961). Finally, fourteen of the Appellees in the present action were not parties to the state court action. The state court could not provide the most effective remedy.

While a federal district court is vested with "rather wide discretion" to determine whether to exercise jurisdiction in this kind of case, "it is a judicial discretion, subject to review and must be exercised in accordance with legal principles." *Franklin Life Ins. Co.*, 157 F.2d at 656 (citations omitted).

> In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been deemed the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law

---

4. ARW argues, "The Pawnee County Court Order does not bind ARW to arbitrate any putative securities claims or claims pursuant to the Florida Civil Remedies Act." (Reply Brief of Appellant, p. 5). ARW does not argue that the state court order did not bind it to arbitrate the common law fraud claim. We conclude that

ARW has conceded the common law fraud claim is subject to arbitration. Additionally, ARW conceded below that the breach of fiduciary duty and breach of contract claim was subject to arbitration. Appendix to Principal Brief of Appellant, p. 46.

whenever necessary to the rendition of a judgment.

*Id.* at 657 (quoting *Meredith v. City of Winter Haven,* 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943)). We conclude that the state court proceeding did not afford a "plain, adequate, and speedy remedy" such that "a declaratory judgment action will serve no useful purpose." *Id.*

We hold that 1) the appeal is not moot except with respect to the request for an order that venue of any arbitration be in Oklahoma; and 2) the district court should exercise its jurisdiction to determine the arbitrability of the claims for violations of federal and state securities laws and the Florida Civil Remedies for Criminal Practices Act.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part, REVERSED in part, and the cause is REMANDED for further proceedings consistent with this opinion and judgment.