**DP–TEK, INC., Plaintiff,**

v.

**Luis VILLALOBOS, Defendant.**

**Civ. A. No. 92–1003–FGT.**

United States District Court,
D. Kansas.

Nov. 16, 1992.

James D. Oliver, Foulston & Siefkin, Wichita, KS for plaintiff.

Thomas D. Kitch, David G. Seely, Fleeson, Gooing, Coulson & Kitch, Wichita, KS for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the defendant's motion to dismiss (Doc. 7) and motion to reconsider (Doc. 15). In the latter motion, the defendant seeks reconsideration of a prior order granting the plaintiff an extension of time in which to respond to the motion to dismiss. Plaintiff has filed its response to the motion to dismiss. Therefore, the motion for reconsideration is moot. In his motion to dismiss, defendant Villalobos argues that DP–Tek improperly filed this declaratory judgment action in anticipation of the filing of Villalobos' claims against it.

The plaintiff DP–Tek, Inc. (DP–Tek) filed this declaratory judgment action against defendant Villalobos on January 3, 1992. DP–Tek's complaint alleged that it had entered into various employment agreements with Villalobos, which included a sale of DP–Tek stock to Villalobos with options to purchase additional shares. DP–Tek alleged that the parties were in disagreement over the terms of the various contracts, the interpretation and enforceability of certain of their terms, and DP–Tek's compliance with various securities laws. DP–Tek alleged that Villalobos has demanded rescission of the sale of shares and/or cancellation of the contracts, repayment of the $290,000 purchase price of the shares, and additional damages. DP–Tek prayed for a declaration that the parties' agreements are valid and enforceable and that it has committed no violation of the securities laws; a declaration that it has fully performed its obligations under the agreements; and for its costs and attorney fees pursuant to the terms of the parties' agreements. Complaint, Doc. 1. The docket sheet indicates that no summons was issued and the court file reflects that DP–Tek did not serve Villalobos with a copy of the complaint.

On May 22, 1992, DP–Tek filed its first amended complaint. The allegations contained in the initial complaint were designated as Count I. Count II further alleged that during April 1992, Villalobos made certain false statements to a third party based on information Villalobos received during the course of his employment with DP–Tek. DP–Tek alleged a violation of the Lanham Trademark Act, 15 U.S.C. § 1125(a), and breach of fiduciary duty under state law. DP–Tek prayed for an injunction against breaches of contractual and fiduciary obligations of confidentiality; an injunction against false and defamatory misrepresentations regarding DP–Tek's ownership or development of DP–Tek's products; and unspecified damages from Villalobos' alleged breaches of duty. First Amended Complaint, Doc. 2.

DP–Tek's motion for leave to serve summons out of time (Doc. 3) was granted by the Magistrate Judge in an order dated June 9, 1992. Doc. 4. Villalobos was thereafter served with summons and complaint. See Doc. 5 (return of service of summons).

Villalobos seeks dismissal of this action, arguing that an action currently pending in the United States District Court for the Central District of California ("the California action"), which includes claims for rescission, wrongful termination and fraud, subsumes the parties and issues in this declaratory judgment action. Villalobos filed suit on May 5, 1992 in the Superior Court of the State of California for the County of Orange. Villalobos filed an amended complaint on May 7, 1992. DP–Tek removed the California state court action to the United States District Court for the Central District of California on or about June 4, 1992.

The Declaratory Judgment Act provides in relevant part, "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The determination whether to entertain a declaratory judgment action is a matter committed to the trial court's sound discretion. See Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1273 (10th Cir.1989). In the exercise of its discretion, a district court should declare the parties' rights and obligations when the judgment will "(1) clarify or settle the legal relations in issue and (2) terminate or afford relief from the uncertainty giving rise to the proceeding." Id. at 1275; see also ARW Exploration Corp. v. Aguirre, 947 F.2d 450, 454 (10th Cir. 1991). The Tenth Circuit has quoted with approval the following five factor test set forth by the Sixth Circuit:

(1) whether the declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "proce-

dural fencing" or "to provide an arena for a race for *res judicata;*" (4) whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Kunkel,* 866 F.2d at 1275 n. 4 (citing *Allstate Ins. Co. v. Green,* 825 F.2d 1061, 1063 (6th Cir.1987)); *see also ARW Exploration,* 947 F.2d at 454.

After considering the factors set forth above, the court will exercise jurisdiction over the declaratory judgment claim, notwithstanding the pending action in federal court in California. The California action involves a claim for rescission of the purchase of DP–Tek stock, based on alleged violations of the Kansas Securities Act; a claim of wrongful termination; and claims for rescission and money damages based on various theories of fraud. While all of DP–Tek's claims in Count I could be resolved in the California action, the claims DP–Tek raises in Count II—the breach of fiduciary duty and trademark claims— would not be resolved in the California action. This court shall exercise jurisdiction over all of DP–Tek's claims.

Generally, a court should decline to entertain a declaratory judgment action if the same fact-dependent issues are likely to be decided in another pending action. *Kunkel,* 866 F.2d at 1276; *ARW Exploration,* 947 F.2d at 454. Jurisdiction should not be declined merely because another remedy is available. Rather, the court must decide whether the controversy can better be settled in the other pending action. *ARW Exploration,* 947 F.2d at 454. This court must determine whether the controversy can better be settled in the pending California action. In this regard, the relevant considerations include "the scope of the pending action, the nature of the available defenses in the action, whether all parties' claims can satisfactorily be adjudicated in that proceeding, and whether necessary parties have been joined." *Id.*

DP–Tek asserts that its complaint presents questions of contract interpreta-tion; however, there exist many fact-dependent questions regarding liability for misrepresentation and fraud under the securities laws or common law. Those same fact issues likely will have to be decided in the California action. The pending California action does not appear to be better or more effective in settling the entire controversy, since DP–Tek's Count II claims are not included in that action.

DP–Tek asserts that it did not race to the courthouse. It appears to the court, however, that DP–Tek did engage in such a race. DP–Tek's conduct in filing suit while settlement negotiations were occurring, in failing to promptly inform Villalobos of the pending suit, and in failing to serve Villalobos for some five months demonstrates that DP–Tek filed this suit in anticipation of Villalobos' suit for damages. However, this factor is not a sufficient reason by itself for the court to decline jurisdiction.

While it appears that a declaratory judgment may not be the best way to resolve this case, the court finds that a number of factors support maintaining jurisdiction over this declaratory judgment action. Elements of forum non conveniens appear to be present in the California action. DP–Tek is a Wichita company, and many (if not all) of its records and witnesses are located here. The contracts at issue were executed in Kansas. Kansas law applies to the claims raised in both this action and the California action. The court believes it could be an unnecessary burden on the California court to decide Kansas law issues. All of the parties' claims arose out of the same factual background and could be resolved in one action in this court. Villalobos could raise his claims from the California action by way of counterclaim in this action. As an aside, the court notes both sides are represented by competent counsel who regularly appear in federal court and it appears that settlement may be an effectual and desirable remedy and solution in this case.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss (Doc. 7) is hereby denied.

IT IS FURTHER ORDERED that defendant's motion to reconsider (Doc. 15) is moot.