FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 21, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

CHARLES MOSS,

    Petitioner - Appellant,

v.

D. JONES, Acting Warden,

    Respondent - Appellee.

No. 22-1210
(D.C. No. 1:22-CV-00818-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Charles Moss, a federal inmate proceeding pro se,[1] appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of statutory jurisdiction. The district court, acting on a magistrate judge's recommendation, concluded that because Moss had an adequate remedy under 28 U.S.C. § 2255, he could not bring his claims under § 2241. We hold that Moss waived appellate review

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the Appellant's request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Moss's pro se filings liberally. _See Childers v. Crow_, 1 F.4th 792, 798 (10th Cir. 2021), _cert. denied_, 142 S. Ct. 2718 (2022).

of the district court's reasons for dismissing his petition by failing to timely object to the magistrate judge's recommendation. And we reject Moss's challenge to the magistrate judge's jurisdiction. We therefore affirm the district court's dismissal of Moss's § 2241 petition.

## I.  Background

Moss played a role in "separate insurance fraud schemes that culminated in arson, murder, and the destruction of a van used in the killing." *United States v. Surtain*, 519 F. App'x 266, 269 (5th Cir. 2013). A federal jury in Louisiana convicted Moss "of conspiracy to commit mail and wire fraud, . . . use of fire to commit obstruction of justice in relation to the van fire[,] . . . [and] use of fire to commit mail fraud in relation to [a] house fire." *Id.* at 273.

Moss appealed his conviction for use of fire to commit obstruction of justice, which had rested on an aiding-and-abetting theory that Moss counseled another man to destroy the van. Moss argued the evidence did not support his conviction for various reasons, including because the prosecution did not present evidence on the content of Moss's conversation with the man who destroyed the van, David Samuels. The Fifth Circuit rejected his arguments, concluding "the jury could have found beyond a reasonable doubt that Moss, at minimum, gave words of encouragement to Samuels in violation of the federal aiding-and-abetting statute," even though "the jurors did not know and could not have known with certainty the content of the phone conversation" between Moss and Samuels. *Id.* at 277.

Moss later filed a § 2255 motion in the Eastern District of Louisiana, challenging his convictions for use of fire to commit obstruction of justice and use of fire to commit mail fraud. Among other things, he argued actual innocence based on newly discovered evidence and an intervening change in law, citing *Arthur Anderson LLP v. United States*, 544 U.S. 696 (2005), and *Fowler v. United States*, 563 U.S. 668 (2011). The court denied the § 2255 motion, noting Moss was "procedurally barred from raising" many of his arguments because he "did not raise [them] on direct appeal," "Moss ha[d] not presented any new evidence," and neither *Arthur Anderson* nor *Fowler* "represent[ed] intervening changes in the law" because they both "were decided before . . . the Fifth Circuit rendered its decision on Moss's direct appeal in 2013." *United States v. Moss*, No. CR 09-123, 2016 WL 6102465, at *6–*7 (E.D. La. Mar. 16, 2016). Moss filed a notice of appeal but did not pay the appellate filing fee, so the Fifth Circuit dismissed his appeal for want of prosecution.

Moss then filed in the federal district court for Colorado the pro se § 2241 petition at issue in this appeal. He argued "[a]ctual [i]nnocence," R. at 8 (underline omitted), regarding his conviction for use of fire to commit obstruction of justice because the prosecution did not establish a nexus between his obstructive conduct and an official proceeding as required by *Arthur Anderson* and *United States v. Aguilar*, 515 U.S. 593 (1995). He also argued that the prosecution failed to meet its burden to prove each element of that crime beyond a reasonable doubt.

The magistrate judge recommended dismissing the § 2241 petition for lack of statutory jurisdiction. He observed that "§ 2241 'is not an additional, alternative, or

3

supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255.'" R. at 56 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)). He further noted that "'the so-called "savings clause" contained in § 2255(e)[] permits a federal prisoner to proceed under § 2241 only when the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.'" *Id.* (ellipsis and brackets omitted) (quoting *Abernathy v. Wandes*, 713 F.3d 538, 541 (10th Cir. 2013)). And he recommended finding that "Moss fail[ed] to demonstrate that the remedy available to him in the sentencing court pursuant to . . . § 2255 [wa]s inadequate or ineffective." *Id.* at 59.

The magistrate judge warned Moss that "the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar [him] from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court." *Id.* at 53 n.2. But Moss did not object to the magistrate judge's May 26, 2022 recommendation, and the district court adopted it on June 23, 2022.

Moss filed a notice of appeal. This court then entered an order requiring Moss to explain "why he did not waive his right to appellate review of the district court's June 23 judgment by failing to timely object to the magistrate judge's May 26 recommendation." *Moss v. Jones*, No. 22-1210, Order at 2 (10th Cir. July 12, 2022). Moss filed a response to the court's order and a merits brief.

4

## II. Discussion

### A. Abatement

Moss asks the court to abate its ruling until the Supreme Court decides *Jones v. Hendrix*, No. 21-857 (argued Nov. 1, 2022). But he does not explain how the Court's ruling in that case might impact our disposition, and we conclude that the Court's ruling is unlikely to impact our disposition. We therefore decline to exercise our discretion to abate this case. *See Blinder, Robinson & Co. v. SEC*, 692 F.2d 102, 105–06 (10th Cir. 1982) (observing "the well established policy that a court may, in its discretion, defer or abate proceedings where another suit, involving the identical issues, is pending either in federal or state court, and it would be duplicative, uneconomical and vexatious to proceed").

### B. Waiver

"Under this court's firm waiver rule, the failure to timely object to a magistrate judge's finding and recommendations waives appellate review of both factual and legal questions." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (internal quotation marks omitted). There are two exceptions to the rule: "when (1) a pro se litigant has not been informed of the time period for objecting and the consequences for failing to object, or when (2) the interests of justice require review." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (italics and internal quotation marks omitted). Factors relevant to the second exception include "a pro se litigant's effort to comply [with the objection requirement], the force and plausibility of the explanation for his failure to comply, and the importance of the

issues raised." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1120 (10th Cir. 2005) (italics omitted). We also apply the second exception in favor of pro se litigants when the magistrate judge commits plain error. *See id.* at 1122. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1122–23 (internal quotation marks omitted).

The first exception does not apply here because the magistrate judge informed Moss of the time period for objecting and warned him of the consequences attendant to his failure to object. Regarding the second exception, Moss does not assert he made any effort to comply with the objection requirement or offer any excuse for his failure to make such an effort. He instead argues the court should apply the interests of justice exception to the firm waiver rule because the district court plainly erred in dismissing his § 2241 habeas corpus petition. We reject this argument.

Moss's § 2241 petition attacks the legality of his conviction. "A § 2255 motion . . . is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (brackets and internal quotation marks omitted). "A federal prisoner may file a § 2241 petition to challenge the legality of his conviction under the limited circumstances provided in the so-called 'savings clause' of § 2255." *Id.* "Pursuant to this savings clause, a § 2241 petition may be appropriate if 'the remedy by § 2255 motion is inadequate or ineffective to test the legality of his detention.'" *Id.* (brackets omitted) (quoting

28 U.S.C. § 2255(e)). "However, § 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction. The petitioner bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective." *Id.* (citation omitted).

In determining whether § 2255 provides an inadequate or ineffective remedy, "[t]he relevant metric or measure . . . is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). And the savings clause test "does not include an actual innocence inquiry." *Abernathy*, 713 F.3d at 545 n.6.

Moss did not meet his burden to show that the remedy provided by § 2255 was inadequate or ineffective. While he argued that his conviction lacked legal sufficiency, "a showing of actual innocence is irrelevant" to the savings clause inquiry, *id.* at 546 n.7. Each of Moss's arguments "could have been tested in [his] initial § 2255 motion," and Moss therefore "may not resort to the savings clause and § 2241." *Prost*, 636 F.3d at 584. It does not matter that his § 2255 motion was not successful, *id.*, or whether he can bring a second § 2255 motion by satisfying the requirements of § 2255(h), *see id.* at 580. The magistrate judge therefore did not plainly err in concluding Moss could not bring his claims under § 2241. As a result, under our firm waiver rule Moss waived any challenge to the magistrate judge's factual findings or legal determinations by failing to object to them.

## C. The Magistrate Judge's Jurisdiction

Moss separately argues that we should reverse because the district court failed to obtain his consent to proceed before the magistrate judge. We liberally construe this as an argument the magistrate judge lacked jurisdiction to consider his petition. And we consider this argument because the firm waiver rule does not apply to challenges to the magistrate judge's jurisdiction. *See Moore v. United States*, 950 F.2d 656, 659 n.7 (10th Cir. 1991). But we reject it because district judges may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of . . . applications for posttrial relief made by individuals convicted of criminal offenses." 28 U.S.C. § 636(b)(1)(B). And the statute does not require district judges to obtain a prisoner's consent to make such a designation. *See McCarthy v. Bronson*, 500 U.S. 136, 139 (1991) ("[W]hen [§ 636(b)(1)(B)] is read in its entirety, it suggests that Congress intended to authorize the nonconsensual reference of *all* prisoner petitions to a magistrate [judge]."); *see also* Fed. R. Civ. P. 72(b)(1) (noting a magistrate judge can be assigned to hear a pretrial matter "without the parties' consent").

### III.  Conclusion

We affirm the district court's judgment.  We grant Moss's motion to proceed on appeal without prepayment of costs or fees.

Entered for the Court


Gregory A. Phillips
Circuit Judge