911 F.2d 415
 Charles William DAVIS, Petitioner-Appellant,
v.
Gary MAYNARD, Warden, Oklahoma State Penitentiary at
McAlester, Oklahoma, Respondent-Appellee.
 No. 87-1657.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 17, 1990.
 
 Robert A. Ravitz, Public Defender, Oklahoma County Public Defender's Office, Oklahoma City, Okl., for petitioner-appellant.
 Robert H. Henry, Atty. Gen. of Oklahoma and A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, Okl., for respondent-appellee.
 Before MOORE and BALDOCK, Circuit Judges, and O'CONNOR, District Judge.*
 PER CURIAM.**
 
 
 1
 In our original panel opinion, 869 F.2d 1401, we upheld the constitutionality of petitioner Charles Davis' first degree murder conviction under 21 Okla.Stat. Sec. 701.7, but vacated his death sentence as violative of the eighth amendment. 28 U.S.C. Sec. 2254. We held, inter alia, that the state court's anti-sympathy[1] and aggravating circumstance[2] instructions were impermissibly overbroad--the former because the instruction may have led the jury to discount sympathy based on the mitigating evidence, and the latter because the instruction did not sufficiently limit the jury's sentencing discretion. Davis, 869 F.2d at 1411-1413.
 
 
 2
 Subsequently, the Supreme Court granted Oklahoma's certiorari petition, vacated our judgment, and remanded for reconsideration in light of Saffle v. Parks, --- U.S. ----, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990). Saffle v. Davis, --- U.S. ----, 110 S.Ct. 1516, 108 L.Ed.2d 756 (1990). In Parks, the Supreme Court held that a challenge to a similar Oklahoma anti-sympathy instruction[3] constituted a "new rule" under Penry v. Lynaugh, --- U.S. ----, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989) and Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality), which could not be applied on collateral review of a criminal judgment. Accordingly, we directed the parties to brief the following issue for consideration on remand:
 
 
 3
 What is the affect, if any, of the Supreme Court's decision in Saffle v. Parks --- U.S. ----, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990), on this court's holdings in Parts VI and VII of its vacated opinion pertaining to the sympathy and aggravating circumstances instructions respectively?
 
 I.
 
 4
 In Teague, a plurality of the Supreme Court adopted Justice Harlan's approach to retroactivity for cases on collateral review. See Mackey v. United States, 401 U.S. 667, 675, 91 S.Ct. 1160, 1164, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring); Desist v. United States, 394 U.S. 244, 256, 89 S.Ct. 1030, 1037, 22 L.Ed.2d 248 (1969) (Harlan, J., dissenting). Initially, a federal court must determine whether the relief a habeas petitioner seeks is based upon a "new rule." "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government.... To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 109 S.Ct. at 1070 (emphasis in original). A conviction becomes final when the availability of a direct appeal from the judgment is exhausted and the time for filing a certiorari petition has elapsed. Allen v. Hardy, 478 U.S. 255, 258 n. 1, 106 S.Ct. 2878, 2880 n. 1, 92 L.Ed.2d 199 (1986).
 
 
 5
 Teague dictates that a new rule will not be announced or applied on collateral review save two exceptions: where the new rule (1) "places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe,' " or (2) "requires the observance of 'those procedures that are implicit in the concept of ordered liberty.' " Teague, 109 S.Ct. at 1073 (quoting Mackey, 401 U.S. at 692-93, 91 S.Ct. at 1179-80 (Harlan, J., concurring)). Although Teague was not a capital case, the Court concluded in Penry, 109 S.Ct. at 2944, that Justice Harlan's retroactivity approach was equally applicable in the capital sentencing context. The "new rule" doctrine thus generally validates a state court's reasonable, good-faith interpretations of existing precedents even though the precedents relied upon may be contrary to later decisions. Butler v. McKellar, --- U.S. ----, 110 S.Ct. 1212, 1217, 108 L.Ed.2d 347 (1990). This approach ensures that criminal trials will be conducted in a manner consistent with established constitutional principles while achieving a degree of finality. Teague, 109 S.Ct. at 1072-73; accord Sawyer v. Smith, --- U.S. ----, 110 S.Ct. 2822, 2827, 111 L.Ed.2d 193 (1990), overruling Hopkinson v. Shillinger, 888 F.2d 1286 (10th Cir.1989) (en banc).
 
 II.
 
 6
 Davis asserts that the anti-sympathy instruction, see supra note 1, precluded the jury from considering sympathetic mitigating evidence contrary to Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) (plurality) and Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Lockett and Eddings, both decided before Davis' conviction became final in 1983, established that a state must permit a criminal defendant to present and the sentencer to consider relevant mitigating evidence. Accordingly, Davis claims that his position does not seek to create a new rule subject to the constraints of Teague and Penry.
 
 
 7
 In part VI of our original opinion, we found Davis' argument persuasive. We stated: "The instruction which directed the jury to remain unaffected by sympathy created the risk that the jury discounted Davis' evidence in reaching its sentencing decision." Davis, 869 F.2d at 1412. The Supreme Court, however, squarely rejected an identical argument in Parks:
 
 
 8
 We also reject Parks' contention that the antisympathy instruction runs afoul of Lockett and Eddings because jurors who react sympathetically to mitigating evidence may interpret the instruction as barring them from considering that evidence altogether. This argument misapprehends the distinction between allowing a jury to consider mitigating evidence and guiding their consideration.
 
 
 9
 110 S.Ct. at 1262. The Court explained that Lockett and Eddings addressed "what mitigating evidence the jury must be permitted to consider," id. at 1261 (emphasis in original), whereas Parks sought to instruct the jury "how it must consider the mitigating evidence," id. (emphasis in original). "There is a simple and logical difference between rules that govern what factors the jury must be permitted to consider in making its sentencing decision, and rules that govern how the State may guide the jury in considering and weighing those factors in reaching a decision." Id. As a lower federal court bound by Parks, we hold that the anti-sympathy instruction will not relieve Davis of his death sentence for the remedy he seeks would entail the creation of a "new rule."
 
 III.
 
 10
 In contrast, we conclude that Davis' challenge to the aggravating circumstance instruction defining the phrase "especially heinous, atrocious or cruel," see supra note 2, did not call for the creation of a new rule under Teague and Penry. In part VII of our original opinion, we relied on Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), to hold that "[b]ecause the aggravating circumstance ... did not sufficiently limit the sentencer's discretion, the risk of arbitrary and capricious action on the part of the jury could not withstand eighth amendment scrutiny." 869 F.2d at 1412. In striking down the same instruction that confronts us here, the Supreme Court in Maynard relied on its 1980 decision in Godfrey v. Georgia, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980). Maynard, 486 U.S. at 362-64, 108 S.Ct. at 1858-59.
 
 
 11
 In Godfrey, the relevant instruction permitted a person to be sentenced to death if the offense "was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." The jury's verdict recited only that the murder was "outrageously or wantonly vile, horrible or inhuman." The Court held that this finding failed to satisfy the commands of the eighth amendment because the jury essentially possessed unfettered discretion to impose the death penalty upon the defendant. Godfrey, 446 U.S. at 427-33, 100 S.Ct. at 764-67. Godfrey, decided three years before Davis' conviction became final, clearly dictated our holding in the original opinion, 869 F.2d at 1412, that the aggravating circumstance instruction was unconstitutional. Consequently, Davis did not ask us to and we did not create a new rule in rejecting the instruction.
 
 IV.
 
 12
 Ergo, parts I-V and VII of this court's original panel opinion, 869 F.2d at 1401, vacated by the Supreme Court, 110 S.Ct. at 1516, are REINSTATED. For the reasons set forth in this opinion, part VI of the original opinion remains VACATED. The order of the District Court for the Western District of Oklahoma is AFFIRMED with respect to the denial of the writ of habeas corpus, but REVERSED with respect to its denial of all further relief. The case is REMANDED to the district court with directions to enter judgment that the writ of habeas corpus is denied but, as law and justice require, the death sentence of petitioner is invalid under the eighth amendment to the United States Constitution. The execution of the petitioner under this invalid death sentence is enjoined. This judgment is without prejudice to further proceedings by the State of Oklahoma for redetermination of the sentence on conviction.[4]
 
 
 13
 SO ORDERED.
 
 
 
 *
 The Honorable Earl E. O'Connor, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this remand. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [1]
 Instruction thirteen read in relevant part: "You should not allow sympathy, sentiment or prejudice to affect you in reaching your decision. You should avoid any influence of passion, prejudice or any other arbitrary factor when imposing sentence."
 
 
 [2]
 One of three aggravating circumstances set forth in 21 Okla.Stat. Sec. 701.12 and found by the jury was that the murders were "especially heinous, atrocious, or cruel." Instruction eight defined "heinous" as "extremely wicked or shockingly evil," "atrocious" as "outrageously wicked and vile," and "cruel" as "designed to inflict a high degree of pain, utter indifference to, or enjoyment of, the suffering of others; pitiless."
 
 
 [3]
 The instruction provided: "You must avoid any influence of sympathy, sentiment, passion, prejudice, or other arbitrary factor when imposing sentence."
 
 
 [4]
 Under 21 Okla.Stat. Sec. 701(E)(2), the Oklahoma Court of Criminal Appeals may set aside a death sentence and remand for resentencing by the trial court. In Cartwright v. State, 778 P.2d 479 (Okla.Cr.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3261, 111 L.Ed.2d 771 (1990), the court held that resentencing under the statute did not violate the due process clause or ex post facto prohibition of the Oklahoma or United States Constitution. Cf. Clemons v. Mississippi, --- U.S. ----, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) (where state appeals court determines that the jury-imposed death sentence was based in part on consideration of an invalid aggravating circumstance, the appellate court may reweigh the valid aggravating and mitigating circumstances and redetermine the sentence)