PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 2/28/96**

FOR THE TENTH CIRCUIT

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MATERIAL WITNESS WARRANT | ) |
| TERRY LYNN NICHOLS | ) |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | No. 95-3130 |
| | ) | |
| TERRY LYNN NICHOLS, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. C. No. 95-6036-M)

Michael Tigar, Austin, Texas, appearing for the appellant.

David J. Phillips, Federal Public Defender for the District of Kansas, Kansas City, Kansas, and Steven K. Gradert, Assistant Federal Public Defender for the District of Kansas, Wichita, Kansas, on the brief for the appellant.

Sean Connelly, Special Assistant United States Attorney, Office of the United States Attorney, Oklahoma City, Oklahoma (Patrick M. Ryan, United States Attorney, and Joseph H. Hartzler, Special Assistant United States Attorney, Office of the United States Attorney, Oklahoma City, Oklahoma, with him on the brief) for the appellee.

Before Tacha, Coffin,[*] and Lucero.

Tacha, Circuit Judge.

On April 21, 1995, the U.S. District Court for the Western District of Oklahoma issued a Warrant for Arrest of Witness, pursuant to 18 U.S.C. § 3144, naming Terry Lynn Nichols and requiring him to appear before a federal grand jury in Oklahoma City. After turning himself in to the Herrington, Kansas, police department, Nichols appeared before the U.S. District Court for the District of Kansas and moved to quash the arrest warrant. On April 26, 1995, the court denied his motion. Nichols was subsequently detained under a different warrant, one based upon a criminal complaint. Nichols now appeals the order of the district court denying his motion to quash the first warrant, arguing that (1) the issue is not moot, (2) the district court's denial is an appealable order, and (3) the factual allegations supporting the warrant were insufficient to show probable cause that Nichols's presence could not be secured later by subpoena. We conclude that the issue is now moot. Consequently, we do not reach the appealability of the order or the merits of Nichols's claim.

## I. Background

On April 19, 1995, at approximately 9:00 A.M., a bomb destroyed the Alfred P.

Honorable Frank M. Coffin, Senior Circuit Judge, United States Court of Appeals for the First Circuit, sitting by designation.

Murrah Federal Building in Oklahoma City, Oklahoma, killing 169 people, injuring many others, and causing extensive property damage to other buildings in the vicinity. About 80 minutes later, Oklahoma authorities arrested Timothy James McVeigh on traffic and weapons charges. Soon thereafter, federal authorities arrested McVeigh in connection with the bombing. On April 21, 1995, the U.S. District Court for the Western District of Oklahoma issued a Warrant for Arrest of Witness, in accordance with 18 U.S.C. § 3144, directing that Terry Lynn Nichols be brought before a Federal Grand Jury at Oklahoma City to testify as a material witness regarding United States v. McVeigh, Case No. M-95-97-H. The warrant stated on its face that "the Witness's testimony is material in a criminal proceeding, and he has attempted to leave the jurisdiction of the United States, and it may become impracticable to secure his presence by subpoena."

The court issued the warrant upon the affidavit of FBI special agent Henry C. Gibbons. However, Gibbons's affidavit did not establish that Nichols had ever attempted to escape the jurisdiction of the United States. It merely asserted the following with respect to the probability of Nichols's flight: "Terry Nichols [sic] renunciation of his U.S. citizenship and his association with Tim McVeigh, a person involved in such a heinous crime, indicates that his testimony cannot be secured through the issuance of a subpoena."

In fact, Nichols had voluntarily appeared at the police department in Herrington, Kansas, the town wherein he resided, on April 21, 1995, after hearing in news broadcasts

that he was being sought for questioning. On April 22, after being interviewed by federal agents, Nichols appeared before the U.S. District Court for the District of Kansas and was served with the material witness arrest warrant issued by the U.S. District Court for the Western District of Oklahoma. On April 26, still in Kansas, Nichols entered a motion to quash the arrest warrant with the U.S. District Court for the District of Kansas. Later the same day, the court denied Nichols's motion. On May 3, Nichols filed a notice of appeal of the district court's order denying his motion to quash the warrant.

On May 9, the United States filed a complaint in the U.S. District Court for the Western District of Oklahoma charging Nichols with the malicious damaging and destruction by means of fire or an explosive a building, vehicle, and other personal and real property in whole and in part owned, possessed, or used by the United States, or departments and agencies thereof, in violation of 18 U.S.C. §§ 844(f) and 2. On the same day, the U.S. District Court for the Western District of Oklahoma issued an arrest warrant for Nichols pursuant to the complaint. On May 10, the U.S. District Court for the District of Kansas ordered Nichols committed to the Western District of Oklahoma, with specific reference to the criminal complaint and not to the material witness warrant. Finally, on June 23, the U.S. District Court for the Western District of Oklahoma ordered the dismissal of the material witness warrant at issue in this appeal. Nichols is currently awaiting trial for the crimes alleged in the complaint.

## II. Mootness

- 4 -

The dispositive flaw in Nichols's appeal lies in the inability of this court to provide adequate relief. Two events that occurred subsequent to the issuance of the challenged material witness arrest warrant have rendered this appeal moot. First, the United States filed a new arrest warrant against Nichols based upon a criminal complaint in the U.S. District Court for the Western District of Oklahoma. Nichols is currently being held to stand trial on the charges listed in that criminal complaint. Second, on June 23, 1995, the district court dismissed the material witness warrant, 33 days after it was issued.

"This court will dismiss an appeal as moot, 'when pending an appeal from the judgment of a lower court, . . . an event occurs which renders it impossible . . . to grant [the appellant] any effectual relief whatever . . . .'" ARW Exploration Corp. v. Aguirre, 947 F.2d 450, 453 (10th Cir. 1991) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). In his appeal, Nichols requests reversal of the decision of the U.S. District Court for the District of Kansas denying his motion to quash the arrest warrant. Such a holding would afford Nichols no meaningful relief. The material witness warrant has already been dismissed, and he is currently being held as a criminal defendant. His present detention status commenced under a different warrant, one which was based upon a criminal complaint. Thus, there is a wholly independent basis for Nichols's present detention. Furthermore, a finding that the accused was detained under an invalid arrest warrant would entitle him to neither judicial review of the decision to prosecute nor the voiding of any subsequent conviction. Gerstein v. Pugh, 420 U.S. 103, 118-119 (1975). For all of

these reasons, this court cannot give Nichols any meaningful relief; and his appeal must be regarded as moot.  We therefore lack jurisdiction in the matter.  Because a decision regarding the appealability of the district court order is unnecessary for the resolution of this case, we refrain from consideration of that issue.  Nor need we address the merits of Nichols's claims.  Accordingly, this appeal is DISMISSED.