# UNITED STATES COURT OF APPEALS
**Filed 5/24/96TENTH CIRCUIT**

VICTOR YOUNG,

      Plaintiff-Appellant,

v.

COL GREGORY A. LOWE,

      Defendant-Appellee.

Case No. 95-3353

(D.C. 94-3067-RDR)
(District of Kansas)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

This is an appeal from the district court's denial of Mr. Victor Young's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Also before the court is Mr. Young's request to proceed in forma pauperis on appeal. We exercise jurisdiction under 28 U.S.C. § 1291. We grant Mr. Young's request for leave to proceed in forma pauperis on appeal, see 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a); Coppedge v. United States, 369 U.S. 438, 446-48 (1962); Ragan v. Cox, 305 F.2d 58, 59-60 (10th Cir. 1962), and we affirm the district court for substantially the same reasons stated in its order.

Mr. Young was sentenced to twenty-seven years' confinement on July 29, 1987, after being convicted by a general court martial of the crimes of murder and assault. At the time of his conviction, Department of Defense Instruction 1325.4, dated October 7, 1968, governed his parole eligibility. After his conviction and confinement, Department of Defense Directive 1325.4, dated May 19, 1988, was implemented. Mr. Young argues that, as applied to him, the 1988 Directive is more restrictive than the 1968 Instruction, violating the constitutional prohibition against the passage of ex post facto laws. Specifically, he urges that the 1988 Directive is more restrictive as to his parole eligibility and the forfeiture of good conduct time. The district court denied Mr. Young's petition for a writ of habeas corpus, finding that the 1968 Instruction did "not provide for anything more than that already afforded [Mr. Young]," Dist. Ct. Order, rec. doc. 15, at 3, and that Mr. Young had not shown the 1988 Directive to be more restrictive than the

2

1968 Instruction with respect to the forfeiture of good conduct time.  We review de novo the district court's legal conclusions in dismissing a petition for a writ of habeas corpus. Harvey v. Shillinger, 76 F.3d 1528, 1532 (10th Cir. 1996).

Mr. Young misunderstands the 1968 Instruction.  It allowed a prisoner who had served one year of his sentence to be eligible for parole consideration, but only "at such time as the appropriate Clemency and Parole Board may recommend."  Rec. doc. 7, Attach. 1, at 20.  Here Mr. Young has received annual considerations for clemency since April 1989; further, the Air Force Clemency and Parole Board reviewed Mr. Young's request to advance his parole eligibility in July 1992, and the Board declined to recommend him for parole consideration.  Because, as the district court stated, "[t]he 1968 regulations do not provide for anything more than that already afforded" Mr. Young, Dist. Ct. Order, rec. doc. 15, at 3, the new rule does not inflict greater punishment than the law governing the crime when it was committed.  See Weaver v. Graham, 450 U.S. 24, 29 (1981) (requiring a new law to be retrospective and to "disadvantage the offender affected by it" in order to establish an ex post facto violation).  Therefore, in this case, the 1988 Directive does not violate the constitutional prohibition against the passage of ex post facto laws.[1]

_____

[1]If Mr. Young had stated a claim for a violation of the ex post facto clause of the U.S. Constitution, he would have been entitled to a parole hearing.  See Devine v. New Mexico Dep't of Corrections, 866 F.2d 339, 347 (10th Cir. 1989) (holding that the appropriate relief when parole is withheld is release only if the petitioner is not provided a parole hearing as a result of the decision in his favor).  However, because he had already received such a hearing, his claim would have been moot because he had already received the relief to which he would have been

Further, Mr. Young has not shown that the 1968 Instruction is more onerous with respect to good conduct time than the 1988 Directive as applied to him. The old rule provided that good conduct time was forfeited when parole was violated. The new rule provides that good conduct time is forfeited at the time of parole. The effect of both rules is the same; under both, no good time is "lost" until the prisoner actually violates parole. Therefore, Mr. Young is not entitled to relief on this claim.

For the foregoing reasons, we AFFIRM the district court's dismissal of Mr. Young's petition for a writ of habeas corpus.

Entered for the Court,

Robert H. Henry
United States Circuit Judge

---

entitled. See In re Material Witness Warrant Nichols, 77 F.3d 1277, 1279 (10th Cir. 1996) (Where it is "'impossible . . . to grant [the appellant] any effectual relief whatever,'" the appeal is dismissed as moot. (quoting ARW Exploration Corp. v. Aguirre, 947 F.2d 450, 453 (10th Cir. 1991))). The district court would therefore have been without jurisdiction to review Mr. Young's claim. Oyler v. Allenbrand, 23 F.3d 292, 294 (10th Cir.), cert. denied, 115 S. Ct. 278 (1994).