PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 5/29/96**

TENTH CIRCUIT

---

DWAYNE KEITH JEFFERSON,

        Petitioner-Appellant,

v.

COLONEL WILLIAM. L. HART,

        Respondent-Appellee.

No. 95-3025

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 91-CV-3232)

---

Submitted on the briefs:

Dwayne Keith Jefferson, pro se.

Randall K. Rathbun, United States Attorney, Mary Kreiner Ramirez and David B. Bailey, Assistant United States Attorneys, Topeka, Kansas, for Respondent-Appellee.

---

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

LOGAN, Circuit Judge.

---

Petitioner-appellant Dwayne Keith Jefferson appeals from the district court's order granting his petition for a writ of habeas corpus to the extent of ordering that he be given a parole hearing. We have jurisdiction[1] pursuant to 28 U.S.C. § 2253, and affirm.[2]

The sole issue presented in this appeal is whether the district court, having determined that petitioner had suffered an ex post facto violation, should have ordered his release from incarceration. Petitioner contends that the district court's order of a parole hearing did not provide him with adequate relief. Respondent argues that petitioner has received all of the relief to which he is entitled, and that this appeal is moot.

Petitioner, an inmate at the United States Disciplinary Barracks, is serving a fifty-year sentence for involvement in the 1983 murder of a German citizen. His sentence began, for purposes of computing eligibility for parole, on May 10, 1983. At the time of his crime, Department of Defense Instruction Number 1325.4 (October 7, 1968) governed eligibility for parole. Under Instruction 1325.4, petitioner was entitled to discretionary parole

---

[1] Respondent contends that this court lacks jurisdiction over this appeal because petitioner's motion for reconsideration remains pending before the district court. The clerk of court entered a minute order dated January 6, 1995 "upon direction by the court" denying that motion as moot. II R. doc. 32. This order, although signed by the clerk, was authorized by the court and is entitled to a presumption of regularity. See Weedon v. Gaden, 419 F.2d 303, 305-06 (D.C. Cir. 1969). Having carefully reviewed the record, we conclude that we have jurisdiction over this appeal.

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

consideration beginning May 9, 1984, and mandatory consideration no later than May 9, 1993.[3]    On May 19, 1988, Department of Defense Directive 1325.4 became effective. Under Directive 1325.4, which modified Instruction 1325.4, petitioner would not become eligible for parole until he had served a full ten years of his sentence.  He would receive mandatory parole consideration after ten years, and annually thereafter.[4]

---

[3]    Instruction 1325.4 reads in pertinent part as follows:

A prisoner with a punitive discharge or dismissal confined pursuant to a sentence or aggregate sentences of:
. . .

More than three (3) years who have (sic) served not less than one (1) year will become eligible for parole consideration at such time as the appropriate Clemency and Parole Board may recommend and by the Secretary of the Department concerned approve, but such time shall not be more than one-third of the sentence or aggregate sentences as lawfully adjudged and approved, or not more than ten (10) years when the sentence is in excess of thirty (30) years.

I R. doc. 8, att. 3, p. 20.


[4]    Directive 1325.4 reads in pertinent part as follows:

Clemency and Parole Boards shall consider a prisoner for release on parole when the prisoner first becomes eligible and annually thereafter.  A prisoner is eligible for release on parole, when requested by the prisoner, as follows:
. . .
(b) When the unsuspended sentence or aggregate sentence to confinement is 12 months or more and the prisoner has served one-third of his or her term of confinement, but in no case less than 6 months, or after having served 10 years of a sentence to confinement for 30 years or more or a sentence to life.

(continued...)

3

On August 8, 1991, petitioner filed this habeas corpus action, contending that the Army Clemency and Parole Board (Board) violated the Ex Post Facto Clause of the Constitution by applying the 1988 Directive to him. He claimed that he was deprived of parole consideration prior to serving ten years of his sentence.

The district court determined that application of the 1988 Directive to petitioner constituted an ex post facto violation. It granted the writ, and ordered that petitioner be given a parole hearing within 120 days of its July 29, 1993 order if he had not already received one. After respondent provided proof to the court that petitioner had received a parole hearing on June 8, 1993 (at which he was denied parole), the district court denied petitioner's requests for further relief.

Respondent does not challenge the district court's finding of an ex post facto violation. "The proper relief upon a conclusion that a state prisoner is being treated under an ex post facto law is to remand to permit the state court to apply, if possible, the law in place when his crime occurred." Weaver v. Graham, 450 U.S. 24, 26 n.22 (1981). The parole law in place when petitioner's crime occurred provided the Board discretion to give petitioner a hearing before expiration of ten years. Here by the time the district court ordered

---

[4](...continued)
I R. doc. 8, att. 5, p. 1-10.

4

that petitioner receive a parole hearing[5] ten years had elapsed; it was no longer possible to apply the earlier law. Cf. Devine v. New Mexico Dep't of Corrections, 866 F.2d 339, 347 (10th Cir. 1989) (when inmate's punishment was unforeseeably and retroactively enhanced by a modified parole statute, inmate must be provided a parole hearing before expiration of the time period provided for by the prior statute; if not he must be released). However, a habeas petitioner who has been deprived of timely parole consideration is entitled to a hearing, not release. See, e.g., Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1181 (8th Cir. 1990); Clifton v. Attorney General of the State of California, 997 F.2d 660, 665 (9th Cir. 1993); cf. McNeal v. United States, 553 F.2d 66, 68 (10th Cir. 1977) (delay in holding parole revocation hearing not per se violation of due process entitling inmate to release). Under

---

[5] Petitioner argues that he was actually entitled to several parole hearings. He asserts that since the 1988 amendment makes it mandatory for the Board to consider a prisoner for release when he becomes eligible "and annually thereafter," and since he became "eligible" under the 1968 Instruction after one year, he was entitled to mandatory, annual parole hearings beginning in 1988. He cites Spradling v. Maynard, 527 F. Supp. 398, 404 (W.D. Okla. 1981), for the proposition that when application of a statute results in an ex post facto violation, the inmate may avoid any detriment resulting from the new enactment but is entitled to its benefits. We disagree with petitioner's analysis. The Spradling case relied on Weaver v.Graham, 450 U.S. 24 (1981). Weaver notes that when a habeas petitioner challenges a new law on an ex post facto basis the severable provisions that are not ex post facto still apply to him. Id. at 36 n.22. Petitioner fails to show here that the provision in the new Directive relating to mandatory parole consideration upon eligibility (favorable to him) is severable from the provision making eligibility for such consideration available only after ten years (unfavorable to him). The two are closely intertwined, and there is no showing that the Secretary of Defense intended for them to operate independently. See id. at 38-39 (Rehnquist, J., concurring in the judgment).

5

these circumstances, we agree that petitioner received all of the relief to which he was entitled.

AFFIRMED.