**Filed 12/19/96**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SELWYN ANDREW CHARLES,

      Petitioner-Appellant,

v.

COLONEL GREGORY A. LOWE,

      Respondent-Appellee.

No. 95-3299
(D.C. No. 92-CV-3347)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Petitioner Selwyn Andrew Charles, a military prisoner, appeals from the district court's judgment denying his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. His original petition raised multiple claims, but his appeal focuses on a single issue: an alleged ex post facto violation in the respondent's application of new military parole provisions to petitioner. The district court, apparently assuming the existence of an ex post facto violation in this case in light of Jefferson v. Hart, No. 91-3232-RDR, 1993 WL 302137 (D. Kan. July 29, 1993), aff'd, 84 F.3d 1314 (10th Cir.), cert. denied, 117 S. Ct. 258 (1996), ruled that petitioner's claims were moot because he had received meaningful parole hearings during the pendency of his case. See Jefferson, 84 F.3d at 1317 (meaningful hearing was relief to which petitioner was entitled following ex post facto violation resulting in denial of timely parole consideration).

On appeal, petitioner contends that his claims are not moot. He argues the district court failed to consider his allegations that 1) the parole hearings were not adequate, 2) the adjustment of his parole eligibility date (PED) to 1998 is a continuing ex post facto violation, and 3) Jefferson should be applied to all similarly situated inmates. He argues that he should be released. We review both the district court's denial of petitioner's habeas petition and its mootness ruling

de novo.  <u>Sinclair v. Henman</u>, 986 F.2d 407, 408 (10th Cir. 1993)(habeas); <u>F.E.R.</u>

<u>v. Valdez</u>, 58 F.3d 1530, 1532-33 (10th Cir. 1995)(mootness).

On appeal, petitioner contends that his parole hearings were not fair, adequate or meaningful.  Specifically, he states that respondent will not honestly consider him for parole until he has attended crime-specific rehabilitation classes. Further, he asserts that those classes are scheduled in light of a prisoner's PED.[1] Accordingly, he argues, the extension of his PED to 1998 under the new parole regulations has been, and continues to be, prejudicial to him, despite the parole hearings he has received.  Petitioner has supported his claims and arguments with documentation and citation to authority.

Respondent did not address these claims in his original brief on appeal.  We ordered him to respond to these contentions.  His supplemental response argues that 1) the hearings petitioner received were meaningful, 2) petitioner has no right to specific rehabilitation classes, and 3) petitioner did not exhaust his administrative remedies on this issue.  Petitioner filed a reply brief, countering respondent's arguments, and including further documentation regarding the importance of the crime-specific rehabilitation classes to his chances for parole.

---

[1]     For example, petitioner alleges that because his PED was extended to 1998 under the new parole provisions, he is not scheduled for the crime-specific classes he needs until 1997.

The last two arguments in respondent's supplemental response are inapt because they fail to acknowledge the district court's assumption that an ex post facto violation exists. The issue before us on appeal is whether the district court correctly ruled that petitioner's habeas claims are moot. Mootness means that it would be impossible to grant petitioner any effective relief on his claims. See In re Material Witness Warrant Nichols, 77 F.3d 1277, 1279 (10th Cir. 1996). Petitioner is not asserting new habeas claims that require independent constitutional bases and administrative exhaustion. His contentions go to the heart of the district court's ruling on mootness; they indicate that he may be yet prejudiced by application of the new parole provisions. The district court recognized petitioner's claim regarding the availability of crime-specific classes, but did not articulate any reasons for rejecting it outside of its recitation of respondent's arguments that the claim is speculative. The court simply stated that petitioner's claims are moot because he had received the required remedy.

Respondent contends that petitioner's parole hearings were meaningful, and stresses the many factors that may be considered in making a parole determination. Respondent states that petitioner "has failed to show that he would have been any more successful had he taken the crime-specific

rehabilitative class."[2]  Supplemental Answer Br. at 5.  This argument misses the

mark; petitioner need not prove he will receive parole.  See Miller v. Florida, 482

U.S. 423, 431 (1987)(petitioner need only show he was substantially

disadvantaged as a result of alleged ex post facto violation); Weaver v. Graham,

450 U.S. 24, 33 (1981)(ex post facto inquiry focuses on challenged provision, not

to "special circumstances that may mitigate its effect on the particular

individual").  He only need show that he is being prejudiced by the adjustment of

his PED to 1998 under the new parole provisions to demonstrate that his ex post

facto habeas claims are not moot.

We conclude petitioner's argument has facial merit and should have been

more closely considered by the district court.  We disagree with the district

court's characterization of petitioner's claims as simply disgruntlement with the

outcome of his parole hearings.  If petitioner's access to crime-specific

rehabilitation classes is being delayed because his PED was extended under the

new parole provisions, and if those classes are an important part of the parole

decision, as the documents petitioner has filed with this court suggest, then

petitioner's claims may not be moot.  Cf. California Dep't of Corrections v.

---

[2]     Respondent also contends that petitioner has not demonstrated improvement
as a result of past rehabilitation classes.  Petitioner's response to this argument
charges respondent with misrepresenting his rehabilitation scores, and alleges that
the scores for the crime-specific classes represent half of his potential score.

Morales, 115 S. Ct. 1597, 1602 (1995)(rejecting argument that amendment to state statute violated ex post facto rights where "[t]he amendment had no effect on the standards for fixing a prisoner's initial date of 'eligibility' for parole, or for determining his 'suitability' for parole and setting his release date")(citations omitted). In Jefferson, the district court ruled that the new military parole provisions "directly delay[ed] parole eligibility," 1995 WL 302137, at *4, and concluded that petitioner had established an ex post facto violation. Respondent cannot accomplish indirectly that which, in its direct form, violates petitioner's ex post fact rights. See Weaver, 450 U.S. at 31 (effect, not form, of challenged provision is focus of ex post facto analysis). Petitioner must have the same opportunities for parole eligibility as he would have had under the parole provisions in effect at the time of his offense. See United States v. Paskow, 11 F.3d 873, 879 (9th Cir. 1993)(terms of parole eligibility are fixed at time of underlying offense and cannot be retrospectively altered). If, as a result of his adjusted PED, petitioner is being denied the tools he otherwise would have had to work towards a favorable parole decision, application of the new military parole provisions may violate the ex post facto clause. See Rodriguez v. United States Parole Comm'n, 594 F.2d 170, 176 (7th Cir. 1979). Further, under such circumstances, the availability of annual parole hearings may not be a meaningful

remedy.  Cf. Roller v. Cavanaugh, 984 F.2d 120, 123 (4th Cir. 1993)("Eligibility without consideration is a cold comfort.").

We express no opinion on the merits of petitioner's claims.  Because we conclude that the district court failed to recognize the nature and sufficiency of petitioner's contentions and erred in summarily dismissing plaintiff's claims as moot, we remand this case for further consideration.  On remand, the district court should first consider whether petitioner's claims, if true, constitute an ex post facto violation, under Jefferson or otherwise.  Cf. Morales, 115 S. Ct. at 1605 (challenged legislation created "only the most speculative and attenuated risk" of working to petitioner's detriment).  If the court determines that petitioner's claims state a possible ex post facto violation, petitioner should be put to his proof on his factual allegations, see United States v. McCall, 709 F.2d 852, 862 (3d Cir. 1983)(manner in which parole guidelines applied was a question of fact), and the court should analyze his contentions that the parole hearings he has had are not an adequate remedy.

Although we remand on the ex post facto claims, we agree with respondent that, absent a class action and proper certification, petitioner lacks standing to bring claims on behalf of other military inmates.  See Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993).  Therefore we reject petitioner's claim that Jefferson should be applied to all similarly situated prisoners.

Petitioner's motion to add supplemental authority on appeal is GRANTED; petitioner's "Motion for Order" is DENIED. The judgment of the United States District Court for the District of Kansas denying petitioner's habeas claims as moot is REVERSED, and this case is REMANDED for further proceedings as the district court deems appropriate in light of this order and judgment, petitioner's factual allegations, the documentary evidence he has presented in support of his claims, and the applicable law.

The mandate shall issue forthwith.

Entered for the Court

Arthur L. Alarcon
Circuit Judge