F I L E D
United States Court of Appeals
Tenth Circuit

NOV 28 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEONARD RENAL ROBERTS,

      Petitioner - Appellant,

v.

RONALD CHAMPION; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 97-5096

(N.D. Oklahoma)

(D.C. No. 94-CV-690)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Leonard Renal Roberts, an inmate in the Oklahoma prison system, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Roberts contends that (1) he was denied the opportunity to present witnesses and documentary evidence at his parole probable cause hearing and denied the right to an executive parole revocation hearing; (2) the Oklahoma state courts suspended his right to habeas corpus in violation of the Oklahoma Constitution and statutes and the United States Constitution; and (3) he was denied effective assistance of counsel at trial and on appeal.  We grant a certificate of probable cause and affirm the district court's denial of Roberts' petition.

## BACKGROUND

In 1976, Roberts was convicted in Tulsa County District Court of attempted robbery with firearms after former conviction of a felony, and on appeal his conviction was upheld.  Roberts v. Oklahoma, 571 P.2d 129 (Okla. Crim. App.

---

[1]Roberts has applied to this court for a certificate of appealability to prosecute his appeal.  Because he filed his petition for habeas corpus on July 13, 1994, prior to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996, he does not need a certificate of appealability to proceed.  See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).  Pursuant to the requirements of 28 U.S.C. § 2253 in effect at the time the petition was filed in the district court, we grant a certificate of probable cause and proceed to the merits of Roberts' appeal.

1977). Petitioner then filed applications for post-conviction relief in state court in 1979, 1981, 1988, and 1989, which were denied and the denials were affirmed on appeal. In 1990, Roberts was released on parole. In 1992, he was convicted of larceny in Tulsa County District Court, his parole was revoked, and he was sent back to prison. In September 1993, Roberts filed his fifth action for post-conviction relief in state court, alleging, inter alia, due process violations at his parole revocation hearings and ineffective assistance of appellate counsel. Again, relief was denied and the denial was affirmed on appeal.

Roberts, in July 1994, filed this § 2254 habeas corpus petition in federal district court, raising ten grounds for relief. On November 8, 1995, the district court denied relief as to three of the claims because they were procedurally barred, and it denied relief on three other claims because they were unreviewable in a federal habeas proceeding. The district court did not rule on the four other claims and ordered limited discovery as to those issues. Roberts then filed a notice of appeal from the court's denial of the six claims. The district court granted Roberts' motion to proceed *in forma pauperis*, but denied his request for a certificate of probable cause. We subsequently dismissed the appeal for lack of prosecution.[2]

---

[2]We will address each of Roberts' claims in the current appeal even though he pursued some of them in his earlier, abandoned appeal. We do not find any jurisdictional

(continued...)

After examining the briefs and additional evidence presented on the four remaining claims, the district court found that Roberts had not waived his executive parole revocation hearing and that he had not waived any procedural errors that may have occurred at the probable cause hearing. Accordingly, the court stayed the habeas petition for 90 days to allow the State to grant Roberts de novo probable cause and executive parole revocation hearings. The district court ordered that if the hearings were granted, the habeas petition would be denied; otherwise, the court would grant the petition. Roberts filed a petition for rehearing, claiming that because four years had elapsed since the initial parole revocation hearing and some of his witnesses were dead or unavailable, de novo hearings were inappropriate and that the habeas petition should be granted. The district court denied the motion.

After the State granted the rehearings and again revoked Roberts' parole, the district court dismissed the habeas petition. Roberts then filed four separate motions asking for reconsideration, rehearing, vacation of the dismissal, relief from judgment, and entry of default judgment, which the district court denied.

---

[2](...continued)
basis for Roberts' first appeal from the district court's partial denial of the habeas petition. The district court's order was not final, and there was no basis for an interlocutory appeal.

To the extent this appeal by Roberts is comprehensible and as illuminated by his petition and subsequent pleadings, he argues that (1) he was denied the opportunity to present witnesses and documentary evidence at his parole probable cause hearing and denied the right to an executive parole revocation hearing; (2) the Oklahoma state courts suspended his right to habeas corpus in violation of the Oklahoma Constitution and statutes and the United States Constitution; and (3) he was denied effective assistance of counsel at trial and on appeal.

**DISCUSSION**

Roberts first contends that he was not allowed to present witnesses and evidence at his parole probable cause hearing and that he was denied the right to an executive revocation hearing. The district court essentially agreed with this assertion and Roberts was granted de novo hearings. Roberts now complains that he never was granted a probable cause hearing and that the district court abused its discretion in granting the hearings instead of simply granting his petition. He argues that Oklahoma law requires both hearings to be held within 120 days and that holding the hearings four years later has denied him the ability to present witnesses who are now unavailable.

As to the contention that no probable cause hearing was held, we note that the written record of the executive parole revocation hearing indicates that a

finding of probable cause was made on August 20, 1996. R. Vol. I, tab 42 at 3. Even if Roberts was not allowed to attend the hearing at which probable cause was found, his right to due process was not violated. When there has been a conviction for a criminal offense committed subsequent to the release on parole, no probable cause hearing is required. Moody v. Daggett, 429 U.S. 78, 86 & n.7 (1976). "This is so both because the subsequent conviction obviously gives the parole authority 'probable cause or reasonable ground to believe that the . . . parolee has committed acts that would constitute a violation of parole conditions,' Morrissey v. Brewer, 408 U.S. 471, 485 (1972), and because issuance of the warrant does not immediately deprive the parolee of liberty." Moody, 429 U.S. at 86 n.7.

The record also shows that at the de novo parole revocation hearing held on September 5, 1996, Roberts was permitted to introduce evidence, including the affidavits of one co-defendant and one other individual who were both involved in the 1992 larceny conviction that led to Roberts' parole revocation. R. Vol. I, tab 42 at 3-4. The affidavits stated that Roberts was neither involved in, nor had knowledge of, the 1992 crime for which he was convicted. Id. At the hearing Roberts also maintained his innocence and pointed out that the conviction was being appealed. The parole board considered the evidence presented and recommended that his parole be revoked.

-6-

The district court has the discretion either to allow the state to conform to the district court's ruling on federal grounds within a specified period of time or to release the petitioner depending on the circumstances giving rise to the petition. See Jefferson v. Hart, 84 F.3d 1314, 1316-17 (10th Cir.), cert. denied, 117 S. Ct. 258 (1996); Harris v. Champion, 48 F.3d 1127, 1132-33 (10th Cir. 1995); Capps v. Sullivan, 13 F.3d 350, 352 (10th Cir. 1993). Delay in holding a parole revocation hearing by itself is not a per se violation of due process entitling an inmate to release. See McNeal v. United States, 553 F.2d 66, 68 (10th Cir. 1977). If the error "forming the basis for the relief cannot be corrected in further proceedings," it is appropriate for the district court to grant the petition without allowing the state to correct its error. Capps, 13 F.3d at 352. Yet, conditional orders granting de novo parole revocation hearings are often the most appropriate form of relief. See Phifer v. Warden, 53 F.3d 859, 863-65 (7th Cir. 1995); see also Jefferson, 84 F.3d at 1316-17.

Here, the errors alleged by Roberts were properly resolved by the new parole revocation hearing. Because Roberts was able to present evidence and rebut evidence presented at the hearing, even though some testimony might not have been available, we find that the de novo hearing properly resolved petitioner's first claim.

Roberts' second contention, that the state courts suspended his right to a writ of habeas corpus, is a challenge to the propriety of state post-conviction procedures. Because this is collateral to his alleged illegal detention, it is not a proper basis for relief in a federal habeas action. See Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993); Hopkinson v. Shillinger, 866 F.2d 1185, 1218-19 (10th Cir.), on reh'g, 888 F.2d 1286 (1989), overruling on other grounds recognized by Davis v. Maynard, 911 F.2d 415, 417 (10th Cir. 1990).

Roberts' third argument is that he was denied effective assistance of counsel. Roberts asserts that his trial counsel should have objected to the use of prior, invalid convictions at trial and at sentencing and that his appellate counsel should have raised the issue on direct appeal. Roberts' § 2254 petition before the district court did not initially raise the ineffectiveness issue; instead, it alleged that the use of several convictions was unconstitutional. Roberts raised the ineffectiveness claim only after the State's response to the petition alleged that because no cause was shown as to Roberts' failure to raise the conviction issue on direct appeal, it was procedurally barred.

While generally the "failure to raise a claim at trial or on direct appeal will preclude federal habeas corpus review of the merits of the claim absent a showing of either cause and prejudice or a fundamental miscarriage of justice," Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994), if the underlying claim is

-8-

ineffective assistance of counsel, the "general" rule must give way because of countervailing concerns unique to ineffective assistance claims. Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir. 1995); Brecheen, 41 F.3d at 1363-64. However, the failure to raise an ineffectiveness of counsel claim in the first collateral proceeding, as well as on direct appeal, procedurally bars review of that claim. Brecheen, 41 F.3d at 1363-64. Here, because Roberts did not raise the ineffectiveness of counsel claim regarding the prior convictions on direct appeal or in his first post-conviction proceeding in 1979, the district court was correct in finding that this claim was procedurally barred.

## CONCLUSION

For the foregoing reasons, we GRANT a certificate of probable cause and AFFIRM the district court's denial of the petition on the merits.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-9-