**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

D.K. FALASHA MANSA MUSA
AMEN-RA; TERRY W. EVANS;
LOUIS B. NILES; JAMIE F.
GRAHAM; RICKY D. WELKER;
DARIN BUTLER; EARNEST J.
SEXTON; CHARLES D. HICKS, JR.,
and RICHARD L. PLUMMER,

      Plaintiffs-Appellants,

v.

UNITED STATES DEPARTMENT
OF DEFENSE,

      Defendant-Appellee.

No. 97-3156
(D.C. No. 94-CV-3108)
(D. Kan.)

**ORDER AND JUDGMENT**  *

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiffs filed an amended complaint seeking equitable relief for violation of constitutional rights.  Of the several violations alleged in the amended complaint, on appeal plaintiffs pursue only their allegation that applying Department of Defense Directive 1325.4, governing parole eligibility, to them violates the *ex post facto* clause of the United States Constitution.  The district court granted summary judgment in favor of defendants.  We review the grant of summary judgment de novo,  see Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996), and we affirm. [1]

Plaintiffs argue on appeal that the district court's decision in Jefferson v. Hart, No. 91-3232-RDR, 1993 WL 302137, at *4 (D. Kan. July 29, 1993), aff'd 84 F.3d 1314 (10th Cir.), cert. denied, 117 S. Ct. 258 (1996), controls this case. They argue that case establishes the unconstitutionality of the directive in their situations and that, based on that case, they are entitled to relief. Jefferson involved a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  The

[1]     Three of the plaintiffs to this action, Louis Niles, Earnest Sexton, and Jamie Graham, were paroled after the action was filed.  Those plaintiffs have withdrawn from this appeal.

petitioner in that case was Dwayne Keith Jefferson, who is now known as Falasha Mahsa Musa Amen-Ra, one of the plaintiffs in this action. As a preliminary matter, we hold that the issue raised in this appeal, which is the same issue that was decided in Jefferson, is *res judicata* as to Mr. Amen-Ra. See Nwosun v. General Mills Restaurants, Inc. 124 F.3d 1255, 1257 (10th Cir. 1997) (setting forth elements of *res judicata* ), cert. denied, 118 S. Ct. 1396 (1998).

As to the remaining plaintiffs, we hold that Jefferson does not entitle them to relief in this case. Jefferson was a habeas corpus action limited to the particular facts of that case. If plaintiffs wish to challenge the constitutionality of their confinement, their remedy lies in habeas corpus. The district court's grant of summary judgment in favor of defendant is AFFIRMED. The motion to file a surreply is granted.

Entered for the Court

Michael R. Murphy
Circuit Judge