149 F.3d 1190
 98 CJ C.A.R. 3060
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 D.K. Falasha Mansa Musa AMEN-RA; Terry W. Evans; Louis B.
Niles; Jamie F. Graham; Ricky D. Welker; Darin Butler;
Earnest J. Sexton; Charles D. Hicks, Jr., and Richard L.
Plummer, Plaintiffs-Appellants,
v.
UNITED STATES DEPARTMENT OF DEFENSE, Defendant-Appellee.
 No. 97-3156.
 United States Court of Appeals, Tenth Circuit.
 June 9, 1998.
 
 Before BALDOCK, EBEL, and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs filed an amended complaint seeking equitable relief for violation of constitutional rights. Of the several violations alleged in the amended complaint, on appeal plaintiffs pursue only their allegation that applying Department of Defense Directive 1325.4, governing parole eligibility, to them violates the ex post facto clause of the United States Constitution. The district court granted summary judgment in favor of defendants. We review the grant of summary judgment de novo, see Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir.1996), and we affirm.[1]
 
 
 4
 Plaintiffs argue on appeal that the district court's decision in Jefferson v. Hart, No. 91-3232-RDR, 1993 WL 302137, at * 4 (D.Kan. July 29, 1993), aff'd 84 F.3d 1314 (10th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 258, 136 L.Ed.2d 183 (1996), controls this case. They argue that case establishes the unconstitutionality of the directive in their situations and that, based on that case, they are entitled to relief. Jefferson involved a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. The petitioner in that case was Dwayne Keith Jefferson, who is now known as Falasha Mahsa Musa Amen-Ra, one of the plaintiffs in this action. As a preliminary matter, we hold that the issue raised in this appeal, which is the same issue that was decided in Jefferson, is res judicata as to Mr. Amen-Ra. See Nwosun v. General Mills Restaurants, Inc. 124 F.3d 1255, 1257 (10th Cir.1997) (setting forth elements of res judicata ), cert. denied, --- U.S. ----, 118 S.Ct. 1396, 140 L.Ed.2d 654 (1998).
 
 
 5
 As to the remaining plaintiffs, we hold that Jefferson does not entitle them to relief in this case. Jefferson was a habeas corpus action limited to the particular facts of that case. If plaintiffs wish to challenge the constitutionality of their confinement, their remedy lies in habeas corpus. The district court's grant of summary judgment in favor of defendant is AFFIRMED. The motion to file a surreply is granted.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Three of the plaintiffs to this action, Louis Niles, Earnest Sexton, and Jamie Graham, were paroled after the action was filed. Those plaintiffs have withdrawn from this appeal