**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

LEROY AUSTIN HANCOCK,

      Plaintiff-Appellant,

v.

JAMES SAFFLE; MICHAEL D.
PARSONS, Deputy Director,
Oklahoma Department of Corrections,

      Defendants-Appellees.

No. 99-5116
(N.D. Okla.)
(D.Ct. No. 95-CV-66-K)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **MCKAY**, and **BRISCOE**, Circuit Judges.

_____

     Leroy Austin Hancock, an inmate within the Oklahoma Department of Corrections, filed suit pursuant to 42 U.S.C. § 1983 claiming a number of policies and actions by the Oklahoma Department of Corrections and its officials violated his First Amendment right to freedom of religion in the prison. After hearing the evidence, the district court denied Mr. Hancock's request for injunctive relief and

---

     [*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissed the action. Mr. Hancock timely filed an appeal in this court. However, Mr. Hancock completed his sentence, was discharged, and was released from confinement after filing his notice of appeal. There was no period of supervision required. Prior to oral argument before this court, the defendants moved to dismiss this case as moot. Counsel for Mr. Hancock appeared at oral argument and informed the panel he was unable to locate his client and thus was unable to ascertain whether his client would agree to dismiss this case.

"This court will dismiss an appeal as moot, when pending an appeal from the judgment of a lower court, ... an event occurs which renders it impossible ... to grant [the appellant] any effectual relief whatever...." *In re Material Witness Warrant Nichols*, 77 F.3d 1277, 1279 (10th Cir. 1996) (quotation marks and citations omitted.) Because Mr. Hancock only requested injunctive relief and has now been released from confinement, his appeal is moot. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (a plaintiff/inmate's claims for injunctive relief were mooted when the inmate was released from prison). *See also McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (holding an inmate's claims for injunctive relief concerning the conditions of confinement become moot when the inmate is released, notwithstanding the inmate's parole or supervised release status).

For the foregoing reasons, we **DISMISS** as moot the appeal from the order denying injunctive relief.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge