**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4676**

UNDER SEAL #1,

        Party-in-Interest - Appellant,

    v.

UNDER SEAL #2,

        Defendant - Appellee,

UNITED STATES OF AMERICA,

        Plaintiff - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:15-mw-00001-GBL-1)

Argued: May 10, 2018                         Decided: May 22, 2018

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ARGUED:** Meredith Madden Ralls, S&R LAW FIRM PLLC, Fairfax, Virginia, for Appellant. Christopher John Catizone, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Katherine Martell, FIRSTPOINT LAW GROUP PC, Fairfax, Virginia, for Appellant. Dana J. Boente, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee United States of America. Carmen D. Hernandez, Highland,

Maryland; Vernida R. Chaney, CHANEY LAW FIRM PLLC, Fairfax, Virginia, for Appellee Under Seal #2.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A criminal defendant seeking to obtain the trial testimony of a juvenile witness obtained a material witness warrant and moved to compel the Government to grant immunity to the witness. The district court denied the motion to compel immunity and dismissed the material witness warrant. This appeal followed. Because we lack jurisdiction, we must dismiss the appeal.

I.

Under 18 U.S.C. § 3144, a court may issue an arrest warrant for a person whose testimony is "material in a criminal proceeding" if "it may become impracticable to secure the presence of the person by subpoena." The release of such a material witness "may be delayed for a reasonable period of time until the deposition of the witness can be taken." *Id.*

Pursuant to this statute, a defendant in a criminal case ("the Defendant") sought and obtained a material witness warrant for a juvenile witness ("the Witness"). The Defendant asked the Government to grant immunity to the Witness so that the Witness could testify in the Defendant's trial without fear of self-incrimination, but the Government declined.

The Defendant then filed a motion requesting the district court to *compel* the Government to grant the immunity. At the hearing on this motion, the court confirmed that the Defendant was not asking to take the Witness's deposition and that the Witness intended to invoke the Fifth Amendment privilege against self-incrimination if called to

3

testify at the Defendant's trial. The court then dismissed the material witness warrant and ordered the Witness released.

The Defendant timely noted this appeal.

## II.

Under 28 U.S.C. § 1291, we have jurisdiction over "appeals from all *final* decisions of the district courts" (emphasis added). In the criminal context, "the term 'final decision' normally refers to a final judgment, such as a judgment of guilt, that terminates a criminal proceeding." *Sell v. United States*, 539 U.S. 166, 176 (2003). Thus, the law "normally requires a defendant to wait until the end of the trial to obtain appellate review of a pretrial order." *Id.*

The order dismissing the material witness warrant is plainly not a judgment of guilt that terminated the Defendant's underlying criminal proceeding. At the time of the order, the Defendant's criminal trial had not yet concluded. The Defendant suggests, however, that the material witness proceeding was *independent* from the Defendant's underlying criminal case, and that since the district court's order terminated the material witness proceeding, it qualifies as a final decision. We disagree.

The Supreme Court has explained that an ancillary proceeding is not independent, and an order in such a proceeding is therefore not final for purposes of appealability, if the proceeding "presents an issue that is involved in . . . a criminal prosecution in process at the time the order is issued." *Di Bella v. United States*, 369 U.S. 121, 127 (1962). Only if a proceeding "is in no way tied to a criminal prosecution" can it "be regarded as

4

independent." *See id.* at 131–32. Thus, orders relating to pre-indictment motions, grand jury proceedings, and even motions for return of property filed in a different district from the movant's criminal prosecution are treated as interlocutory — for they are "but a step in the criminal case." *Id.* (internal quotation marks and citation omitted).

So too here. By definition, a material witness in a criminal case is someone whose testimony is "material *in a criminal proceeding*." 18 U.S.C. § 3144 (emphasis added). Therefore, it cannot be said that such a material witness proceeding is "in no way tied to a criminal prosecution." Quite the opposite. Because the entire purpose of the material witness proceeding is to secure important testimony for a criminal trial, the disposition of the witness proceeding "will necessarily determine the conduct of the trial." *Di Bella*, 369 U.S. at 127 (internal quotation marks and citation omitted). Accordingly, as it pertains to a criminal defendant seeking to obtain the testimony of a material witness, any order in the material witness proceeding must be treated as interlocutory, and may be challenged only in the defendant's post-conviction appeal.[*]

III.

Because the Defendant appeals from an interlocutory order, we lack jurisdiction over this appeal. Accordingly, the appeal is

*DISMISSED.*

---

[*] By contrast, as the Government recognizes, the *witness* who is detained pursuant to a material witness warrant could likely appeal from an order rejecting his challenge to his own detention. *See In re Material Witness Warrant Nichols*, 77 F.3d 1277, 1279 (10th Cir. 1996).